(No. 20390.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL CHANEY, Plaintiff in Error.

*Opinion filed December 18, 1930.*

JOHN F. CASHEN, JR., for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Daniel Chaney and Charles Wilson, alias Charles Brown, were indicted in the criminal court of Cook county charged with assault with intent to commit murder. Chaney was granted a separate trial. A jury found him guilty and he was sentenced to the penitentiary. By this writ of error he seeks a reversal of the judgment.

On July 25, 1929, about midnight, five men appeared at the rear door of Henry Johnson's home at 1415 Hastings street in the city of Chicago. Johnson, his wife and three children had retired for the night. Johnson arose and opened the door and two men afterwards identified as the plaintiff in error and Brown, as Wilson was then known,

entered the house. Brown ordered Johnson to raise his hands. Mrs. Johnson appeared and met the plaintiff in error in the kitchen. She immediately turned to go to her bed-room. The plaintiff in error followed and demanded money and whisky and she told him she had neither. About that time Brown pushed Johnson out of the house and upon the rear porch. The plaintiff in error returned to the kitchen followed by Mrs. Johnson. Her husband succeeded in releasing himself from Brown's grasp, and the latter, addressing the plaintiff in error, said, "Shoot the fool," meaning Johnson. Mrs. Johnson begged the plaintiff in error not to shoot, because, she said, she had three children. As her husband started back through the house, the plaintiff in error fired and the bullet struck Mrs. Johnson near the temple and emerged from her head two or three inches to the rear. The plaintiff in error and Brown escaped through an alley. Johnson notified the police department and took his wife to a hospital. He admitted that he had whisky in his home.

Mrs. Johnson testified that she had seen the plaintiff in error in and about a garage across the street from her home nearly every day and evening for about four weeks prior to July 25, 1929; that she recognized his features, but did not know his name and that she had been acquainted with Brown about two years. On cross-examination she admitted that she did not tell the police officers, when she first reported to them, that the man who shot her was the plaintiff in error, but that she told them his name was Brown. Johnson testified that he had occasionally seen the plaintiff in error in the neighborhood of his, Johnson's, home during the period of six months prior to July 25, 1929. The plaintiff in error was arrested on January 2, 1930. Mrs. Johnson identified him at the police station as the man who shot her.

The plaintiff in error testified that he was twenty-seven years of age, married and had a child; that he was em-

ployed by a teaming company and drove a truck from seven o'clock in the morning until six o'clock in the evening; that he often left the truck at 1435 Hastings street, about ten doors west of Johnson's home; that while he had seen Charles Wilson, otherwise known as Charles Brown, in that neighborhood, he did not become acquainted with him until he met him at the police station on January 2, 1930, and that he had never seen Johnson prior to his arrest. The plaintiff in error said he had no recollection of what he did on the night of July 25, 1929, but he denied that he committed the crime charged against him.

Three contentions are urged for a reversal of the judgment. The first concerns a part of an answer volunteered by one of the prosecution's witnesses. Henry Johnson was asked on cross-examination by the attorney for the plaintiff in error whether he still resided at the address where his wife was shot. He answered, "No, when they said they were going to bomb my house, I moved." Counsel for the plaintiff in error thereupon made a motion to withdraw a juror. The court denied the motion, struck out the reference to the threatened bombing of the house and instructed the jury to disregard it; and it is contended that the court erred in denying the motion. The stricken portion of the answer was not elicited by the prosecution. The threat was not attributed to the plaintiff in error and it is not apparent how, in view of the court's instruction to the jury, it could have been prejudicial to the plaintiff in error. *People* v. *Singer,* 288 Ill. 113.

The second contention is that the verdict has no sufficient support in the record and is based upon certain discrepancies in the evidence introduced by the prosecution. Mrs. Johnson testified that two shots were fired of which the first entered the floor. According to Johnson's testimony the bullet which struck his wife was the only one fired and it lodged in the wall. The discrepancy has no significance for it is not denied that Mrs. Johnson was shot

as she testified. Another instance upon which much stress is laid is Mrs. Johnson's identification of her assailant. In her first report to the police, she told them the man who shot her was named Brown. Her description of him in respect of his weight and stature, however, was correct. She had often seen him in her neighborhood prior to the shooting and positively identified him several months later when he was arrested. Her error was one of name, and not of identity. We have said repeatedly that the law has committed to the jury the determination of the credibility of the witnesses and of the weight of their testimony, and where the evidence is conflicting this court will not substitute its judgment for that of the jury. There was sufficient evidence in this case to convict and it cannot be said that the verdict is palpably contrary to the weight of the evidence or that the evidence is so unreasonable, improbable or unsatisfactory as to justify a reversal of the judgment on that ground. *People* v. *Herbert,* 340 Ill. 320; *People* v. *O'Grady,* 339 id. 263; *People* v. *Flanagan,* 338 id. 353; *People* v. *Romano,* 337 id. 300; *People* v. *Kessler,* 333 id. 451; *People* v. *Nowicki,* 330 id. 381; *People* v. *Hoffman,* 329 id. 278; *People* v. *Thompson,* 321 id. 594.

The motion of the plaintiff in error for a new trial was denied immediately after it was made and the final complaint is that if the hearing upon that motion had been postponed, newly discovered evidence might have been offered. No representation was made to the trial court that any additional evidence had been discovered or would be presented, and there is, under these circumstances, no basis for the complaint.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*