(No. 28051.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL MARINO, Plaintiff in Error.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error, Michael Marino, was found guilty of the crime of assault with intent to commit rape, by a jury in the criminal court of Cook county. Motions for a new trial and in arrest of judgment were overruled and he was sentenced to imprisonment in the penitentiary in accordance with the statute. He has brought the case here on writ of error for review.

To reverse the judgment of the criminal court he urges three distinct grounds. First, he urges that there was no proof of the intent with which the assault was committed. He contends that at the time of the assault he was intoxicated to such an extent that he was unable to form the specific intent charged in the indictment and necessary to constitute the crime charged. Second, he contends that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. His final contention is that the court erred in not withdrawing a juror and declaring a mistrial because of an unresponsive answer made by a police officer while on the witness stand.

In order to dispose of the first contention of plaintiff in error, it will be necessary to make some references to the evidence. It would add nothing, however, to the contentions of plaintiff in error, and serve no useful purpose,

to set out the facts in detail. The controlling facts are not in dispute.

It is sufficient to say that from the evidence it appears plaintiff in error and the victim of the assault had met at a dance hall on a few occasions prior to the date in question. There they had danced together and on one or two occasions he had escorted her to her home, late at night. Shortly after 12 o'clock on the morning of February 22, 1943, they left the dance hall together to go to her home. He selected a different route from the one to which she was accustomed. The route which they took led through a factory district, which was poorly lighted and little traveled. They eventually reached a point where there was a covered areaway or gangway used as a driveway extending from the sidewalk into a building, a distance of 18 or 20 feet. This driveway was 15 to 18 feet in width, with parts of the building extending along each side. It was unlighted. At that point he either forced her, as she testified, or persuaded her, as he claimed, to leave the walk and enter the driveway. The evidence shows that after they entered the driveway, she resisted his advances and he brutally assaulted her. She put up a gallant fight and was successful only because of the timely arrival of two police officers and a night watchman who was employed in the vicinity. Before their arrival she had been beaten practically into insensibility. The police officers and the watchman were attracted by her screams, which they heard when they were something like a block away.

At the time the police officers arrived he was beating her head on the concrete floor of the driveway. This was observed and testified to by officer Kelliher, who made the arrest. There was blood on his left hand and on a ring he wore on that hand. Both plaintiff in error and the victim of the assault were taken to the police station. It was necessary for one of the officers to assist the victim into the police car. After they reached the station one of the

police officers, in describing her condition, stated that her face and dress were bloody; she was in a dazed condition; and that blood was flowing from her mouth, down the side of her face. She was immediately taken to the county hospital where she received medical attention. At about 11 o'clock on that morning she was examined by Dr. Marley at her home. He found abrasions on the cheek and her upper lip had a cut in which two or three stitches had been taken. There was tenderness over the posterior portion of the head and swelling in the occiptal region on the right side of the parietal area. She had contusions and abrasions on both legs. Her right eye was badly puffed and she was suffering from concussion of the brain, of which she still had symptoms at the time of the trial.

On February 24, two days after the occurrence, plaintiff in error made a statement in the State's Attorney's office. At that time he was examined by an assistant State's Attorney. The statement was transcribed in full and admitted in evidence, without objection. In this statement he fully detailed all that had occurred in connection with the assault. He admitted that he had slapped the girl in the face. He claimed, however, that in the struggle, after he had slapped her, she slipped and fell and that he fell on top of her. He admitted that his glasses were broken in the struggle, which were identified by the police officer as the broken glasses taken from his overcoat pocket.

When called as a witness in his own defense, he claimed that he was so intoxicated that he did not remember anything that occurred after he left the dance hall. He testified that the next thing he remembered, after leaving the dance hall, was that he was in the car with the police officers. With reference to his statement made on February 24, he testified the police officer and the assistant State's Attorney who examined him suggested the answers he made in that statement; that he made those answers because they were suggested to him and not because he re-

membered anything of the occurrence. His statements with reference to the answers he made when examined by the assistant State's Attorney were categorically denied by the assistant State's Attorney who conducted the examination and by officer Kelliher who was present. Plaintiff in error also produced three witnesses who testified to his prior good reputation as a peaceable and law-abiding citizen.

It is true that in order to constitute the offense of assault with intent to commit rape, the specific intent charged is the gist of the offense. The assault must be shown to have been such that it would have constituted rape had the purpose of the assault been accomplished. It is also true that it is not necessary that an express intent be proved. Where, as here, the assault is clearly proved and not disputed, the intent may be inferred from acts as well as from words spoken during the assault. (*People* v. *Kruse,* 385 Ill. 42.) In a prosecution for assault with intent to commit rape, the question of whether the assault was made with the intent charged in the indictment is a question of fact to be determined from the evidence. *People* v. *Anderson,* 382 Ill. 316; *People* v. *Maher,* 377 Ill. 488; *People* v. *Makovicki,* 316 Ill. 407.

A complete answer to the contention of plaintiff in error on this point is found in the testimony of officer Kelliher. This witness testified: "When I turned the flashlight on I saw this man lying on top of this young lady here, and he had hold of her head and he was pounding her on the concrete and she was trying to twist and roll and he was punching her in the side with his left hand, and at the same time bending over her, and his knee between her legs, and her dress was up and he was in a crouched position over her body. * * * His overcoat and his other coat was open and his pants was open and his privates were exposed."

In view of this and other evidence in the record, equally damaging to plaintiff in error, as to the position they were

in, the condition of his clothing and his person, the position of her clothing and the character and extent of her injuries, his contention that there was no evidence of the specific intent charged merits no further discussion.

Plaintiff in error, however, contends that he was in such a state of intoxication that he was incapable of forming an intent. This contention has no support in the record. One witness who had been with plaintiff in error and the victim of the assault practically all during the time they were at the dance hall, and saw him when he left, testified positively that he was sober. The police officer who made the arrest and the night watchman who saw him at the scene of the crime expressed the opinion that he was not intoxicated. The victim of the assault also testified that he was not intoxicated. All of the circumstances shown by the evidence corroborated this testimony. When he was questioned by the assistant State's Attorney, two days after the assault, he made no claim that he was intoxicated at the time the offense was committed. He gave a straightforward and definite statement in detail of the occurrences leading up to and during the assault. The first claim of intoxication he made was in his testimony as a witness in the case. He then, for the first time, denied any recollection of anything that happened subsequent to the time they left the dance hall. This statement, however, is wholly inconsistent with his prior statement, as well as other parts of his testimony, and is self-contradictory and unconvincing in many respects. On this point there is not only abundant evidence to show that plaintiff in error was not intoxicated to such an extent that he could not form a specific intent, but his own testimony adds nothing favorable to him in the determination of that issue. It was the province of the jury to determine the credibility of the witnesses and the weight to be accorded to their testimony. There is, in this case, sufficient evidence to support the verdict against plaintiff in error on the issue of the specific

intent charged. In such a situation this court will not substitute its judgment for that of the jury. *People* v. *Buzan,* 351 Ill. 610; *People* v. *Chaney,* 342 Ill. 175; *People* v. *Herbert,* 340 Ill. 320; *People* v. *O'Grady,* 339 Ill. 263; *People* v. *Flannigan,* 338 Ill. 353; *People* v. *Romano,* 337 Ill. 300; *People* v. *Kessler,* 333 Ill. 451; *People* v. *Nowicki,* 330 Ill. 381; *People* v. *Hoffman,* 329 Ill. 278; *People* v. *Thompson,* 321 Ill. 594.

The next point relied upon by plaintiff in error is that the court erred in refusing to grant a new trial because of newly discovered evidence. The alleged newly discovered evidence was the fact that some fifteen days prior to the date of the trial, the victim of the assault filed a complaint in the Federal District Court for the Northern District of Illinois, against the owner of the property in which the dance hall was conducted, under the Dram Shop Laws of Illinois. The purpose of this suit was to recover damages for the assault made upon the plaintiff in that case, by plaintiff in error, and out of which this prosecution arose. In that complaint she alleged that plaintiff in error became intoxicated from drinking liquor purchased at the dance hall. The contention is that the averment in that complaint that the assault was the result of his intoxication, was inconsistent with her testimony on the trial in this case. Be that as it may, we are not impressed with the argument. Applications for a new trial on the ground of newly discovered evidence are subject to close scrutiny. The burden is on the applicant to show that the verdict is not correct and the newly discovered evidence must meet the following requirements: First, it must appear to be of such conclusive character that it will probably change the result, if the case is retried; second, it must have been discovered since the trial; third, it must be such that it could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative of evidence offered on the trial.

*People* v. *Petrilli,* 344 Ill. 416; *People* v. *Mindeman,* 318 Ill. 157; *People* v. *Dabney,* 315 Ill. 320; *People* v. *Pennell,* 315 Ill. 124; *People* v. *LeMorte,* 289 Ill. 11; *People* v. *Johnson,* 286 Ill. 108; *People* v. *Williams,* 242 Ill. 197; *Henry* v. *People,* 198 Ill. 162.

In our opinion the showing as to the alleged newly discovered evidence failed to meet these requirements in several respects. The proposed evidence was not of such character that it would likely change the result if a new trial was granted. It was insufficient to show that the verdict was not correct. The complaint filed in the Federal court was sworn to by the attorney for the plaintiff, and not by the plaintiff herself. The averments of that complaint would not be conclusive in this case. They would only tend to disprove the testimony of the victim of the assault given on the trial. Three witnesses testified on the trial on the subject of the condition of plaintiff in error as to his sobriety at the time of the assault. The statement made by him when questioned in the State's Attorney's office corroborates this evidence. On the trial he sought to avoid the consequences of his acts by disclaiming all knowledge of anything that happened in connection with the assault. His testimony in this respect is not persuasive when considered in connection with his prior statements and the positive testimony of the three disinterested witnesses who testified on that subject for the People. He did not meet the requirements of the rule.

The alleged newly discovered evidence was merely cumulative and it cannot be said that such evidence, if offered on the retrial of this cause, would change the result. Nor would it meet the requirement that such evidence must be material to the issue. The question of whether he purchased liquor from defendant in that case, which liquor so affected him as to cause him to make the assault, was wholly different from the issue he sought to bring into this case, that he was so under the influence of

intoxicating liquor that he was unable to form an intent. The showing made by plaintiff in error with reference to the alleged newly discovered evidence was wholly insufficient and the court did not err in overruling the motion for new trial on that ground.

The final contention of plaintiff in error is that he was prejudiced by an answer made by officer Kelliher and the court erred in not declaring a mistrial for that reason. The matter complained of was a statement by the officer in response to a question propounded to him on cross-examination relative to conversations he had had with the family of the victim of the assault. He was asked whether he had talked with any of her relatives other than her mother. His answer was, "Their place would be called. They told us there were phone calls at their house threatening them." Upon motion the remark was immediately stricken by the court and the jury was instructed to disregard it. The record does not indicate that the statement was made by the witness willfully with any intention of prejudicing the defendant. It was merely an inadvertent, unresponsive statement.

In the case of *People* v. *Chaney*, 342 Ill. 175, a similar situation arose. In that case the victim of the crime charged, when asked by the attorney for the defendant whether he still resided at a certain address, volunteered the statement: "No, when they said they were going to bomb my house, I moved." Thereupon a motion to withdraw a juror and declare a mistrial was made. The court denied the motion, struck out the reference to the threatened bombing of the house and instructed the jury to disregard it. This court, in passing on the contention of plaintiff in error that it was error to refuse to declare a mistrial, said: "The stricken portion of the answer was not elicited by the prosecution. The threat was not attributed to the plaintiff in error and it is not apparent how, in view of the court's instruction to the jury, it could have

been prejudicial to the plaintiff in error. *People* v. *Singer,*
288 Ill. 113." The same situation is presented here. The
threats referred to in the voluntary unresponsive statement
of the witness were not attributed to plaintiff in error.
The statement was immediately stricken by the court and
the jury instructed to disregard it. In our opinion the
statement did not prejudice plaintiff in error in the trial
of this cause.

Both upon the facts and as to the contentions raised,
this case is strikingly similar to the case of *People* v. *Kruse,*
385 Ill. 42. Upon a careful consideration of all the evi-
dence and the arguments presented, we are of the opinion
that the record is free from substantial error and that the
judgment of the criminal court of Cook county should be
affirmed.