THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOHN CIESLAK, Plaintiff in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*what is rape.* Rape is the carnal knowledge of a female forcibly and against her will.

2. SAME—*what is an assault.* An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another.

3. SAME—*what constitutes an assault with intent to rape.* The specific intent charged is the gist of the offense of an assault with intent to commit rape, and to establish the offense the proof must show, beyond a reasonable doubt, the unlawful attempt to have carnal knowledge of the female forcibly and against her will.

4. SAME—*what does not warrant conviction of assault with intent to rape.* Proof of a mere assault and battery, however aggravated it may be, will not warrant a conviction of assault with intent to rape, nor will proof of licentious conduct or even violent familiarity with the female in an effort to induce her to yield to the embraces of the assailant, if there is no proof he intended to have carnal knowledge of her by force and against her will.

5. SAME—*intent is a question of fact in establishing assault to commit rape.* In establishing the offense of an assault with intent to commit rape the intent with which the act was done is a question of fact, to be determined in the first instance by the jury from the declarations of the assailant or from the character, manner and circumstances of the assault.

6. SAME—*when reputation of prosecutrix is admissible.* In a prosecution for assault with intent to rape, where the improper conduct is admitted and the defense is that the prosecutrix by her conduct invited the familiarity or consented to the indecent liberties taken, it is proper for the accused to show that the general reputation of the prosecutrix for chastity is bad.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

HAROLD E. SULLIVAN, and GEORGE D. SULLIVAN, (MARTIN M. WARD, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E.
CROWE, State's Attorney, and FRANK R. EAGLETON, (ED-
WARD E. WILSON, and CLARENCE E. NELSON, of counsel,)
for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted to review the judgment
of the criminal court of Cook county finding plaintiff in
error guilty of the crime of assault with intent to rape.

The assault out of which this prosecution arises occurred
about ten o'clock P. M., April 10, 1924, at the home of
Thomas F. Lesniak, Chicago. Lesniak and his wife occu-
pied two rear rooms on the second floor of a two-story
frame building, one room serving as kitchen and dining
room and the other as living room and bed-room. On the
night in question plaintiff in error, John Cieslak, ate dinner
with the Lesniaks. After dinner the two men left the flat
to get some wine. While they were gone Mrs. Lesniak
called by telephone Catherine Raven, the prosecutrix, and
invited her to join the party. Miss Raven accepted the in-
vitation and arrived at the flat shortly before the men re-
turned with the wine. During the next hour three quarts
of wine and some other home-made intoxicating liquors
were consumed. Mr. and Mrs. Lesniak and Cieslak testify
that the two men and Miss Raven each drank about ten
or twelve glasses of the wine and one or two of gin. Miss
Raven says that she drank four glasses of wine and that
they were ordinary wine glasses. While the two men and
Miss Raven were sitting at the table, drinking, Mrs. Lesni-
ak's younger sister and another girl called. About 9:30
Mr. and Mrs. Lesniak took Cieslak's car and drove the girls
home. When the Lesniaks returned, about an hour later,
they found Miss Raven sitting in the stairway with her face
badly bruised.

Miss Raven testifies that as soon as the Lesniaks drove away Cieslak began to take indecent liberties with her; that she asked him to leave her alone, but that he persisted; that she undertook to push him away from her and that be grabbed her wrists and pulled her toward the bed; that she kept fighting with him and that he finally struck her in the face with his fist; that she continued to fight him and that he hit her in the face again; that she finally became unconscious and did not know what happened after that until she regained consciousness, when she was sitting on a chair in the kitchen and Mr. and Mrs. Lesniak were applying wet cloths to her face; that she remained at the Lesniak flat that night and the next day and returned home in the evening.

Plaintiff in error testifies that when the Lesniaks left in his automobile Miss Raven refused to go with them and said she would stay at the flat with him; that as soon as they had gone she walked up to him, put her arms around him, and said, "How do you feel, daddy?" that he replied that he felt like having another drink, and that they each drank another glass of wine; that she invited him to dance, and that he told her he did not know how; that she said she would teach him, and that she put her arms around his waist and he put his arms around her and they walked around the floor; that they finally sat down on the bed and continued to embrace and kiss each other; that he suggested sexual intercourse, and that she asked him if he had any money; that he replied that he had none, and that then she put her hand into his pocket, saying she had seen him with a roll of money; that he did have $50 or $60 with him and that he grabbed her wrist and kept her from taking the money out of his pocket; that she became angry and scratched him; that he shoved her away from him and that she fell on the bed and bumped her head against the corner post; that she grabbed a hair brush from the dresser

and struck him with it and cursed him; that he shoved her back against the bed again and she cut her face on the head-board; that he left the house and waited at the corner saloon until the Lesniaks returned with his car; that when they had left the car in front of the house he got it and drove home.

Mr. and Mrs. Lesniak testified that Miss Raven was invited to go with them when they left in the automobile but that she wanted to stay where she was; that she was dancing with Cieslak before they left; that they were gone between forty minutes and an hour; that when they returned they found her sitting on the stair steps; that they asked her what was the matter, and that she said she and John had had a fight; that when she was asked what she was going to do about it, she said she was going to get someone to lick him; that they took her into the flat and bathed her bruised face; that they kept her with them until the next evening, when she was taken home.

Rape is the carnal knowledge of a female forcibly and against her will, and an assault is an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another. An assault with intent to rape includes every element of the crime of rape except penetration. In order to warrant a conviction for an assault with intent to rape, the proof must establish, beyond a reasonable doubt, the unlawful attempt to have carnal knowledge of a female forcibly and against her will. (*Newman* v. *People,* 223 Ill. 324; *Franey* v. *People,* 210 id. 206.) The proof of a mere assault and battery, however aggravated it may be, without the intent to rape, will not warrant a conviction of assault with intent to rape, nor will the proof of mere licentious conduct, or even violent familiarity, with the female in an effort to induce her to yield to the embraces of the assailant, where there is no proof that he intended to have carnal knowledge of her by force and against her will. The specific intent charged is the gist of the offense.

The intent with which the act was done is a question of fact, to be determined in the first instance by the jury from the declarations of the assailant or from the character, manner and circumstances of the assault. (*People* v. *Makovicki*, 316 Ill. 407.) Where the improper conduct is admitted and the defense is that the prosecutrix by her conduct invited the familiarity or consented to the indecent liberties taken, it is proper for the accused to show that the general reputation of the prosecutrix for chastity is bad. (*Stevens* v. *People*, 158 Ill. 111; Roscoe's Crim. Evidence, 810; *Commonwealth* v. *Kendall*, 113 Mass. 210, 18 Am. Rep. 469; Annotation, 14 L. R. A.—n. s.—724.) The admissibility of this class of evidence, where the defense is consent, is based upon the ground that an unchaste woman would be more likely to consent to the indecent conduct than a virtuous woman.

Plaintiff in error called as a witness Paul Rudnick, who testified that the general reputation of the prosecutrix for chastity prior to April 10, 1924, was bad. Thereupon the following took place:

The court: "Let that answer go out.

Mr. Sullivan: "I have a right to show that, your honor.

The court: "Not a bit of it. [Addressing the witness.] Step down; get out of the court room.

Mr. Sullivan: "I object to those remarks, your honor.

The court: "The question is not involved at all.

Mr. Sullivan: "Reputation as to chastity is competent.

The court: "It is not involved at all. The jury will utterly disregard the statement as to the character of this complaining witness. It will be altogether immaterial. It would be an attempted rape just the same if the facts are as they claim, even if the woman were a prostitute.

Mr. Sullivan: "I want to object to those remarks."

The court was not only in error in his ruling on the evidence but his remarks were highly prejudicial. (*People* v. *Garines*, 314 Ill. 413; *Shirwin* v. *People*, 69 id. 55; *Ken-*

319—15

*nedy* v. *People,* 44 id. 283.)   The remark of the court that
"it would be an attempted rape just the same if the facts
are as *they* claim," amounted to an instruction to the jury
to find plaintiff in error guilty.   The pronoun "they" in-
cluded not only the prosecutrix but also the accused.
When the court drove from the court room the witness for
plaintiff in error, he indicated, as strongly as words and
conduct could, that the defense offered was unworthy of
consideration.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*