(No. 24930.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR J. CANONICA, Plaintiff in Error.

*Opinion filed February 15, 1939.*

JOHN J. ROONEY, and WILLIAM H. KAILES, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Mrs. Mary Gibbs, aged fifty-three, testified in the criminal court of Cook county at the trial of Arthur J. Canonica, aged twenty-eight, on a charge of assault with intent to rape. She said she left her home in Chicago about one-thirty in the afternoon, March 24, 1938, to go to a street car line. She had opened her purse to take out her fare and was walking along the sidewalk. Canonica passed her and turned and seized her. He said: "Grandma, if you never was before you are going to get it now." She explained that one of the words he used meant sexual intercourse. He attempted to push her down on the prairie and had his privates exposed. She struggled with him and broke away when he reached down with one hand. She ran and he pursued her. Her daughter-in-law happened to be looking out of the window at the time. She sent Catherine Gibbs to her mother to see what was wrong. When Catherine came up on her bicycle her mother told her to follow Canonica. Catherine overtook him and he told her to get away and reached into his overcoat which he then had over his arm. Catherine called officer Prescott who arrested Canonica. Canonica was buttoning his pants at the time he was arrested. The trial was before the court without a jury. Canonica was found guilty and sentenced to the penitentiary. He has sued out this writ of error.

Canonica denied making the statement Mrs. Gibbs testified he made. His statement was that he had been drinking, had been out all night and that he did not know just how he got to the neighborhood. He said he brushed

against Mrs. Gibbs when he passed her and that he apologized; that she mentioned the police and he ran away. Officer Prescott testified that he had had considerable experience with intoxicated persons, detailing that experience, and gave it as his opinion that Canonica was not intoxicated. Mrs. Gibbs did not detect any odor of drink on Canonica's breath when he seized her and pulled her towards him.

Canonica insists that the evidence for the People, if true, is insufficient to prove the intent to commit rape; that the proof shows he was not physically able to overcome Mrs. Gibbs, and that the crime was not proved beyond a reasonable doubt. He relies on *People* v. *Jenkins*, 342 Ill. 238, to support his contention that the evidence, if taken as true, did not prove the element of intent to commit rape. In that case Jenkins had been acquainted with prosecutrix for some time. He had left a number of other Republicans who had gathered together to arrange to send out several thousand letters in favor of their candidate and on his way to another political meeting, he stopped at her home and talked to her father. He returned after the father had left, and found her sitting on a concrete wall beside the steps to the basement. He caught hold of her and pulled her down the steps. He also had his privates exposed and made an indecent remark to the prosecutrix. At that time two friends of the prosecutrix came up and Jenkins desisted. At page 243 of that opinion we said: "The evidence shows unseemly, insulting and disgraceful conduct on the part of the plaintiff in error and an indecent assault on the prosecuting witness, but it falls short of establishing his intent to have sexual intercourse with her by force against her resistance. The time, the place and the circumstances of the assault, the language used and the acts done must all be considered in determining this question of intent. The plaintiff in error did not use excessive violence in seizing the girl around the waist and pulling her down the three steps,

and when he saw her falling he let her go, and, seeing the Cognatas coming, walked away. The place was a public street, brightly lighted, with people likely to pass at any moment. His language, his disordered clothing, the exposure of his person, his seizure of the girl were indicative of his passion but not of an intention to gratify it then and there in spite of her resistance, and his immediate desistance has some tendency to show that he did not intend to proceed to extreme violence if resisted. Proof of an indecent assault, however aggravated, will not warrant a conviction of an assault with intent to commit rape, without proof of the intent to have intercourse with the woman by force and to overcome all resistance. Licentious conduct or violent familiarity with the woman in an effort to induce her to yield will not warrant a conviction where there is not proof of an intention to have carnal knowledge of her by force and against her will.—*People* v. *Cieslak*, 319 Ill. 221."

In the case before us Canonica told Mrs. Gibbs he was going to have intercourse with her, seized her, attempted to push her down, had his privates exposed, struggled with her and followed her when she broke away. The fact that it was day and on a public street is to be considered, of course, but there is no lack of proof of Canonica's intent to overcome Mrs. Gibbs' resistance. This contention cannot be sustained. He relies on *People* v. *Stevens*, 158 Ill. 111, and *Kennedy* v. *People*, 122 id. 649, to support his contention that the proof must show a present physical ability. Those cases quote the statutory definition of assault which requires a present ability, but there is no lack of evidence here of a present ability. The fact that Mrs. Gibbs broke away and escaped does not furnish proof of a want of present ability on his part.

Canonica's final contention, that he was not proved guilty beyond a reasonable doubt, is without merit. The trial court saw and heard the witnesses and was warranted in finding Canonica guilty of the charge. His complaint that Mrs.

Gibbs' daughter-in-law should have been called by the People to corroborate Mrs. Gibbs, and that this in some way makes the case doubtful because of her failure to testify, is also without merit.

For the reasons stated the judgment of the criminal court of Cook county is affirmed. *Judgment affirmed.*