(No. 26271.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL MAHER, Plaintiff in Error.

*Opinion filed September 17, 1941.*

Thomas G. O'Malley, and Edward M. Keating, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court.

Plaintiff in error, Daniel Maher, was convicted in the criminal court of Cook county of the crime of assault with intent to commit rape, and sentenced to the penitentiary. He was tried by the court without a jury. He prosecutes this writ of error to review such judgment.

The indictment contains two counts, one containing general charges, and the other setting out with some particularity the overt acts constituting the attempt. While the usual number of errors are assigned the only one argued is that the evidence fails to show beyond a reasonable doubt that the defendant had an intent to commit the crime, regardless of resistance upon the part of the complaining witness.

The prosecuting witness was twenty-five years old and was employed by a candy company. On December 10, 1940, she worked until midnight. Her testimony was to the effect she and a girl named Adele, in company with another man named Ross, and the defendant, went in an auto to a tavern and stayed until 2:00 A.M. drinking beer. She was not acquainted with the defendant but the other two persons were. After they left the tavern the defendant first drove to the home of a man by the name of Watson, who rode with them from the tavern. Ross then said the

complaining witness should be taken home first, but the defendant inquired: "Who said anything about going home?" Adele then remarked: "We promised to take Gladys home first." They then drove up to the home of Adele, where she and Ross got out of the car, and Ross said: "Go along with him, it is all right. I have known him." Defendant, instead of taking the prosecuting witness home, drove to the Thatcher Woods Forest Preserve and turned into a place where there was a large parking space. There were no other cars around. The complaining witness testified she protested against turning in and demanded to be taken home, and that she started to get out of the car. Defendant grabbed her by the arm and kept her from getting out. She then narrated several acts of violence and threats which, if true, indicated an intent to commit the crime charged. Her clothes were torn and soiled with blood stains. She testified she was hit in the face and body and her limbs were bruised; that defendant said if she didn't give in he was going to knock her out and lay her. She further testified that when her nose and lips commenced to bleed defendant got scared and begged her not to tell of the occurrence, and for her to say she had been in an automobile accident.

After they left the forest preserve and complaining witness was upbraiding defendant he stopped the car and told her if she was going to talk like that he would take her back and she would get twice as much, upon which complaining witness said no more, and was eventually taken home. She immediately went to her aunt's bedroom and told her what had happened, and when her uncle got home from work in the morning she told him, and they immediately went to the police station. Her clothes were torn and were covered with blood stains, her nose was bleeding, her lips cut and her face bruised and discolored. Defendant claims that he was induced by her actions to assume

that she was willing to consent, and says her nose was bruised because she struck the side of the car, and that she did all of the fighting. Defendant also claimed that the resistance upon the part of the complaining witness was simulated and simply made to put up a show of resistance.

Whether the assault was made with the intent charged in the indictment is a question of fact to be determined from all of the evidence in the case. Plaintiff in error cites the cases of *Stevens* v. *People,* 158 Ill. 111, *People* v. *Jenkins,* 342 id. 238, and *People* v. *Cieslak,* 319 id. 221, to maintain his claim that the evidence in this case fails to prove an intent to commit rape, and, at the most, is an aggravated case of assault and battery. We think counsel misapprehend the holdings in these cases. In the *Stevens case* there was no beating of the prosecuting witness. There had been three previous meetings of the parties, and solici-' tations upon the part of the defendant, but no threats. The case was one of undue familiarity with no evident intent to accomplish the purpose with force and against the will of the victim. In the *Jenkins case* the defendant was guilty of disgraceful and indecent conduct, but as this court said in that case "plaintiff in error did not use excessive violence." In the *Cieslak case* there was a violent assault, and acts which might indicate an intent to accomplish the purpose, but no threats were made. The trial court, in that case, committed error in other respects, but there is nothing in the opinion indicating that, except for the error occurring during the course of the trial, the evidence would have been insufficient to support the conviction, because the case was remanded for a new trial. On the other hand, the cases' of *People* v. *Garafola,* 369 Ill. 232, and *People* v. *Canonica,* 370 id. 441, sustained convictions in which the same contentions were made by the defendants as are here made by plaintiff in error. In the *Garafola case* a brutal assault was made accompanied by acts and threats quite similar to those

in the present case. In this regard, in that case this court said: "Intent may be inferred from the acts of the accused, the character, manner and circumstances of the assault as well as from his words," etc. In the *Canonica case,* the assault was not excessive or violent but was accompanied by threats and indecent acts, and the present ability to commit the crime. In both cases convictions were sustained. The distinction between the cases relied upon by plaintiff in error and the latter cases is this: Where the attempt consists of indecent proposals, undue familiarity or insulting conduct, these, alone, without an assault, which either from its violence or from threats accompanied by acts, indicate an intent to overcome the victim in spite of resistance, do not complete the crime; on the other hand, where the assault is violent and hostile and not in the nature of persuasion, the assault, together with the threats or other acts manifesting the purpose, if proved, establish the intent. Where such an assault is persisted in, accompanied by words, acts and conduct of the assailant which indicate the victim will be overcome by violence, the mere fact that she successfully frustrates the purpose does not establish a lack of criminal intent upon the part of the assailant.

The evidence in this case presents facts from which a court or jury could find an intent to commit the crime of rape by force and against the will of the prosecutrix. Being unsuccessful, plaintiff in error was liable to be prosecuted for an attempt to commit such felony. We are of the opinion the evidence in the record justifies the conviction, and the judgment of the criminal court of Cook county is, accordingly, affirmed.

*Judgment affirmed.*