(No. 27534.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD JEROME KRUSE *et al.*, Plaintiffs in Error.

*Opinion filed November 19, 1943.*

JAMES M. BURKE, of Chicago, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiffs in error were found guilty in the criminal court of Cook county of assault with intent to commit rape. The only argument presented here is that the proof did not show the specific intent required to establish the crime of assault with intent to commit rape.

The complaining witness testified that she was walking along Ashland avenue in the neighborhood of One Hundred Twentieth street in the city of Chicago and a car made a U-turn in the center of the block and stopped part way upon the sidewalk opposite her, and that plaintiff in error Kruse leaped from the car, caught hold of her throat, called her vile names and commanded her to get into the car. She testified further that he drew a gun, with which he struck her as he pushed her toward the car. She testified that she fell on the running-board of the car to avoid being thrown in. Kruse held her by the throat so she could not call for help; that Kruse asked plaintiff in error Heino to come and help him, which he did; that they both struck and beat her and threw her part way into the car; that she managed to get her hand onto the button of the horn of the car and sounded it, and that as Heino ran around the car to disengage her hand from the horn she freed herself from Kruse and fell out of the car; that Kruse seized her by the feet, attempted to drag her into the car and Heino started the car, dragging her a few feet before they released her. Some men came in response to her screams and she was taken to the South End Hospital where she remained from Friday night until Sunday afternoon, under a doctor's care. She identified plaintiffs in error as her assailants. On the trial plaintiffs in error admitted the assault but denied intent to rape though admitting that their purpose in stopping her was to seek sexual intercourse. They claimed they were intoxicated and pleaded ignorance of the happenings during the alleged assault.

But little consideration need be given to the argument that the evidence does not support the conviction against them. The undisputed evidence, alone, as recited above, proved plaintiffs in error guilty of a most atrocious crime. As a result of the cries of complaining witness and the sounding of the horn on plaintiffs in error's car, people started running to her rescue and the plaintiffs in error thereupon fled.

The argument is also made that this proof does not show proof of intent to commit rape. In a prosecution for assault with intent to commit rape the question whether the assault was made with the intent charged in the indictment is a question of fact to be determined from the evidence. (*People* v. *Anderson,* 382 Ill. 316; *People* v. *Maher,* 377 Ill. 488; *People* v. *Makovicki,* 316 Ill. 407.) The specific intent charged is the gist of the offense and the assault must be shown by evidence to be such as would amount to rape had the purpose of the assault been accomplished. It is not necessary, however, that an express intent be proved, for where, as here, the assault is admitted, intent may be inferred from acts as well as from words spoken by the plaintiffs in error during the assault. The fact that the accused may have abandoned his purpose does not relieve him from criminal liability. (*People* v. *Anderson,* 382 Ill. 316; *People* v. *Maher,* 377 Ill. 488; *People* v. *Canonica,* 370 Ill. 441.) Plaintiffs in error's acts, as proved by the evidence, demonstrated their purpose to commit rape, using such force as might be necessary to overcome resistance. The intent was fully proved by the evidence offered. The judgment is affirmed.

*Judgment affirmed.*