(No. 28590.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESTER HARRIS, Plaintiff in Error.

*Opinion filed September 19, 1945—Rehearing denied Nov. 15, 1945.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Lester Harris and Edward Damiani were jointly indicted in the criminal court of Cook county for the crime of robbery while armed with a dangerous weapon. The indictment charged that they had taken the property of Florence Tarcov. On a trial by jury both were found guilty and each was sentenced to the penitentiary for from one year to life. Harris has sued a writ of error out of this court to review the record of his conviction.

The grounds urged for reversal are, that the evidence does not establish guilt beyond a reasonable doubt, and that there was prejudicial error in the admission of evidence and in the remarks of the assistant State's Attorney made in the presence of the jury.

At about 8 o'clock on the evening of April 9, 1942, the doorbell to the apartment of Nathan Tarcov rang and, when the door was opened, three men wearing masks and armed with guns entered. The masks covered the lower part of the nose and face. The members of the Tarcov family present when the masked men entered were Nathan Tarcov, his wife, Mary, and their daughter, Florence. Others of the household who were in the apartment but not present when the men entered were a nine-year old grandson and a maid. A daughter Ruth, a married daughter Anita Muchman and her husband Al, were also members of the family but were not in the apartment when the masked men entered. They arrived later. The masked man later identified by Florence Tarcov and Anita Muchman as Damiani asked Florence Tarcov to deliver their jewelry. She replied that there was none in the apartment. The masked man then made inquiry as to the whereabouts of Al Muchman, and when he was convinced that Muchman had not returned from work Damiani said they would wait. The three men directed Nathan Tarcov, Mary Tarcov and Florence to be seated on a davenport in the living room. During the first hour of their wait, they obtained some small pieces of jewelry and took a watch and a small amount of money from the person of Florence Tarcov. In about an hour, Ruth Tarcov came home. Nearly thirty minutes later, Anita Muchman arrived, and about 11:00 P.M. Al Muchman came. When Ruth and Anita Muchman arrived, the three men, at the point of guns, robbed them of jewelry and money and directed them to join the father, mother and sister in the

living room. Anita Muchman testified that the jewelry taken from her person had an estimated value of $2000. They also obtained $25 from her. They seized about $400 in cash and checks for $500 from Al Muchman.

During the period the three robbers were in the Tarcov apartment, Nathan and his wife, Mary, had fainting spells and at times one or both were in a delirious condition. Florence, seeing the condition of her parents and wishing to save them from further ordeal, told Damiani that her sister, Anita, had the only jewelry any of them possessed, that she had it with her and was working at a Red Cross center in that vicinity. She volunteered to go with them and tell Anita what had happened and the condition of the parents and that she knew Anita would then deliver the jewelry to them. She testified that Damiani replied to her offer by saying that they had plenty of time and that they would wait. During the waiting period, Damiani lifted his mask to place a cigarette in his mouth and Anita and Florence noticed a peculiar shaped cleft in his chin. In his conversation with Florence, he mentioned the name of Anita and his peculiar pronunciation of that name was another means of her identification of him later. The one who was later identified as this defendant stripped the jewelry from Mrs. Muchman. While Mary Tarcov was suffering from weakness and undue excitement, this same person got her a drink of water and a pillow. At one time Anita Muchman was lying on the floor and he also obtained a pillow for her. While he was waiting on the parties, he removed the mask from his face for a moment and said to Florence Tarcov "Now you can identify me." About 11:00 P.M. while Mary Tarcov was suffering a severe fainting spell and her daughters were endeavoring to care for her, the doorbell rang and the three masked men left the apartment, went to the outer door, robbed Al Muchman and fled. The police were noti-

fied, but no arrests were made until about 10:30 P.M. July 4, when the two defendants, sitting in an unlighted car on a street in Chicago, were placed under arrest. On July 6, Florence Tarcov and Anita Muchman identified defendant and Damiani as two of those who robbed them on April 9. They renewed their identification on the trial of this case.

Defendant interposed a defense of an alibi. Defendant, his wife, Loraine Harris, and defendant's stepfather, Robert Harris, testified to facts which tended to prove that on April 8, 1942, a dentist, Dr. Weil, extracted a tooth for defendant, that it caused some trouble and that on April 9 he was confined to his home and at about 8:30 in the evening the dentist called at the home to give him treatment. The dentist was not called as a witness.

Other details of the evidence of the People's witnesses, and the evidence of defendant's witnesses as to alibi might be given but sufficient has been stated to show that there was a conflict in the testimony. It was the province of the jury to determine the truth of the matter, between the evidence tending; on one hand, to identify the defendant as a participant in the crime charged and, on the other, to establish an alibi. A conviction will not be set aside merely because the evidence is contradictory. Before a court will substitute its judgment for that of the jury, it must be clear that there is a reasonable doubt of the defendant's guilt and that the verdict is contrary to the weight of the evidence. (*People* v. *Stella,* 344 Ill. 589; *People* v. *Carson,* 341 Ill. 11; *People* v. *Giardiano,* 332 Ill. 476.) The contention that the evidence does not establish defendant's guilt beyond a reasonable doubt is without merit.

The error assigned on the admission of evidence arises on the following facts. Florence Tarcov and Anita Muchman were taken into a room at the police station, where,

in the presence of defendant and Damiani, they gave the police a written statement as to what had occurred at their apartment on the evening of April 9, their opportunity to observe the robbers on that occasion and the things by which they identified defendants as two of the robbers. A police officer was taking the statement and during the taking of it, Florence Tarcov, who was an experienced typist, took his position at the typewriter and finished the statement. The statement was not offered in evidence in the introduction of the People's evidence on direct. On defense, defendant and Damiani each testified that Florence Tarcov and Anita Muchman did not identify them at the police station, and that neither of them at that time charged that they were the ones who committed the offense. The evidence of a police officer, present when the statement was made, did not fully corroborate the testimony of Tarcov and Muchman. On cross-examination of defendant and Damiani, counsel for the State was permitted to refer to the typed statement and read certain questions and answers therefrom, and asked the witness as to whether the question was asked and the answer given. This method was followed until the greater part of the statement was placed before the jury in this form. It occurred on the cross-examination of the defendant and Damiani, and, in rebuttal, counsel was permitted to follow the same method as to two witnesses who were present at the time it was written but who had not testified on direct examination.

The method of cross-examination, based on the typed statement, was not an impeachment of anything which the defendant or Damiani had previously said. It was merely a corroboration of what Florence Tarcov and Anita Muchman had testified to on direct examination. It was not proper cross-examination, but since it referred solely to the witnesses' identification of the defendant and Damiani, there was no prejudicial error committed for the reason

that on the trial, and independent of any written statement, the witnesses definitely identified defendant and Damiani as two of the robbers present in their apartment on April 9, and gave convincing reasons for such identification.

On cross-examination, defendant was asked if at one time he had gone by the name of Lester Cohen. Defendant answered "yes" and explained that his name was Lester Cohen, but that some years prior thereto his mother married a man by the name of Harris, and that after her marriage he used the name of his stepfather. The contention that such cross-examination injected racial prejudices into the case is without merit.

In his argument to the jury, counsel for the State, in referring to the defendant and Damiani, said: "They know something about court; they know something about evidence." It is claimed that there was no evidence to support such statement and that it prejudiced the defendant. It appears in the evidence that some years before Damiani had been convicted of robbery and admitted to probation. The evidence also shows that there had been an intimate acquaintance between Damiani and defendant covering a period of more than ten years. The statement made had facts to support it insofar as Damiani was concerned and it could not, under the circumstances of this case, have created any prejudice in the minds of the jury against the defendant. We find that the defendant's guilt was sustained by the evidence, and that there was no prejudicial error committed which would justify a reversal and remandment of the cause for a new trial.

*Judgment affirmed.*