(No. 31306)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN EDWARD HINDERHAN, Plaintiff in Error.

*Opinion filed March 22, 1950.*

RALPH T. SMITH, of Alton, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and AUSTIN LEWIS, State's Attorney, of Granite City, (PAUL H. REIS, of Alton, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, John Edward Hinderhan, was tried by a jury in the circuit court of Madison County and found guilty of the crime of taking indecent liberties with a minor child. He was given an indeterminate sentence in the penitentiary of from one to twenty years, the minimum fixed at twelve years and the maximum at twenty years. Motions for a directed verdict and for a new trial were overruled. To reverse the judgment the case comes here on writ of error.

April 10, 1948, the prosecutrix, June Elizabeth Holladay, aged ten years, with Charlotte and Shirley Hill, each aged fifteen, Lenore Hill, aged ten, and Markus Hill, aged six, were playing about a block from the Hill home in a hollow where there were some old barns and garages and old machinery and wagons. Plaintiff in error, forty-five years of age, who lived nearby, came down the hill to where the children were, searching for a piece of iron to make an anchor for a boat and the children helped him hunt for it. In the presence of the other children, prosecutrix took a pipe from plaintiff in error and was smoking it, and when he lifted her down from a wagon, she kissed

him or he kissed her. Soon the mother of the Hill children called them home and they left, going around the barn and up the hill toward their home. Plaintiff in error went around another way, climbed over a fence and entered a basement garage or shed about fifty feet away, which had two front doors. The prosecutrix followed him into the building. While in the shed or garage the prosecuting witness testified that the plaintiff in error offered her money if she would commit the revolting act complained of, which she did.

Prosecutrix was eleven and a half years old when the case was tried. She testified that the double doors of the garage were closed. The evidence, however, is in sharp conflict as to whether or not the doors were open or closed. She said that after the act had been performed, plaintiff in error then turned back from the doors and started to button his pants. About that time the door blew open and his wife came in. She asked prosecutrix what she was doing and, when told, ordered her to go home.

Charlotte Hill testified that after her mother called them, she saw June and the plaintiff in error enter the barn or garage, and, thinking he had been drinking, she ran to his home, a distance of about two blocks, and told his wife to come with her. She and Mrs. Hinderhan went immediately to the garage and as they approached it the latter picked up a brick which she threw toward her husband. The doors were open, and according to the wife's testimony, plaintiff in error was about two or three feet away from June with his back toward the door. He was putting his shirttail in and had his hands on his belt. June began to cry and told what had happened and was told by the wife to go home and tell her mother. Plaintiff in error and his wife then left the garage together.

Plaintiff in error denies taking the liberties complained of but says that he had been sick and was taking medicine; that he had a call of nature to urinate and thinking he

would be unable to reach his home entered the barn or garage, the doors of which were open, and went into a dark corner where he unbuttoned his overalls; that he thought the Holladay girl had gone home; that he heard a noise and upon turning around saw her standing there; that she approached him and put her hands out as if she were going to touch his privates, and that he then asked her if she had had anything to do with boys or men and she said, "several times." He then told her to go home.

Plaintiff in error's mother and two other witnesses testified to his good reputation as to chastity and morals in the neighborhood.

As grounds for reversal, plaintiff in error contends that he was not proved guilty beyond a reasonable doubt; that his motions for a directed verdict and for a new trial should have been granted; that he should not be convicted upon the uncorroborated evidence of the minor prosecutrix; that the court erred in making plaintiff in error's wife a court witness, and in permitting the People to offer evidence to impeach her testimony; also that the sentence is the result of passion and prejudice induced by the distasteful testimony of the People's witnesses.

The People requested the court to call plaintiff in error's wife, Mary Margaret Hinderhan, as the court's witness. This witness was at the scene of the crime shortly after the act complained of and had made a written statement concerning the facts. Later, she changed her position and made statements at variance with those formerly given. Under the circumstances, the People were unwilling to vouch for her credibility. We have held that while the court, in its discretion, may allow a witness to be called as a court's witness so as to allow cross-examination by both sides, this does not mean that every witness may be so called or that the cross-examination may include everything that may affect the credibility of the witness. The purpose of permitting such procedure is to refresh the recollection

or awaken the conscience of the witness. *People* v. *Boulahanis,* 394 Ill. 255.

Where the prosecution shows good reason for refusing to vouch for a witness's credibility because of a change in statements concerning pertinent facts, the court in its discretion may call the witness as its own and permit both sides to cross-examine. (*People* v. *Rotello,* 339 Ill. 448; *Carle* v. *People,* 200 Ill. 494.) Aside from the facts elicited by the People from this witness and her written statement theretofore given, the evidence was sufficient to justify the conviction. There was no abuse of discretion by the court under the facts here shown in calling her as its witness and permitting her to be cross-examined.

Plaintiff in error invokes the familiar rule that a conviction for taking indecent liberties with a child cannot rest upon the uncorroborated testimony of the prosecuting witness where the defendant denies the charge and there is no substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case, as a conviction resting upon the testimony of a child of tender years will not be permitted to stand unless the testimony is corroborated or is otherwise strong and convincing. *People* v. *Pazell,* 399 Ill. 462; *People* v. *Martin,* 380 Ill. 328.

There are so many corroborating facts in this case that the rule contended for by plaintiff in error becomes inapplicable. To begin with, there is no question as to identification. Plaintiff in error admits his presence at the place where the crime is alleged to have been committed. His own testimony shows that he was in the corner of the shed or garage where it was dark, that his trousers were unbuttoned, that the prosecutrix atttempted to touch his privates, that he then talked to her about her morals before telling her to go home. In short, he admits most of the facts but denies that he actually took the indecent liberties complained of. The rule is that the accused may be convicted of taking indecent liberties with a child upon the

440

testimony of the prosecutrix where there is other corroborative evidence tending to incriminate him. *People* v. *Boetcher,* 298 Ill. 580.

Where the evidence is conflicting, it is the duty of the jury to decide the credibility of the witnesses and the weight to be given to their testimony. This court is not justified in setting aside a verdict of guilty unless the testimony is so palpably conflicting as to indicate that the verdict was the result of passion or prejudice or that the defendant had not been proved guilty beyond a reasonable doubt. *People* v. *Johnson,* 298 Ill. 52; *People* v. *Haas,* 293 Ill. 274.

Without discussing the other points in detail, we cannot hold from the record before us that the sentence is the result of passion or prejudice or that the plaintiff in error was not proved guilty beyond a reasonable doubt. The court did not err in refusing to direct a verdict and in overruling the motion for a new trial. We find no prejudicial error in the case. The judgment of the lower court is affirmed.

*Judgment affirmed.*