(No. 33703.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD HILLER *et al.,* Plaintiffs in Error.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

JOSEPH B. QUINN, of Chicago, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This case comes here on writ of error to the criminal court of Cook County by Harold Hiller and Ralph Liljeblad, defendants. They were indicted in June, 1952, for assault with intent to commit rape upon the prosecutrix, hereinafter referred to as Margaret, were tried by the court without a jury and were found guilty. Each defendant was sentenced to a minimum of eight and a maximum of fourteen years in the Illinois State Penitentiary.

The evidence is clear that the defendants met the prosecutrix and her friend, hereinafter referred to as Audrey, in a cocktail lounge shortly after midnight Saturday, May 9, 1952. The girls were with several other girl friends and the defendants came over to the table, danced with the girls and had drinks with them until about 2 A.M. Margaret was 18 and Audrey 19 years old. The defendants were 19 and 20. They then took the two girls to Liljeblad's car on the pretext of driving to a place to get something to eat. Audrey sat in the front seat with Liljeblad. Margaret was in the back seat with Hiller. On their way to the alleged eating place, Liljeblad stopped the car at a deserted place on Eighty-third Street and Holland Road. To this point the essential facts are uncontroverted. Margaret testified that Hiller had left the car to relieve himself when Liljeblad grabbed Audrey in the front seat. Margaret

got out of the car to go to her assistance, but Hiller then returned, knocked her down and pushed her back into the back seat of the car. Audrey then struck Liljeblad with an ash tray and managed to get out of the car and fled. Margaret was then struck by both Hiller and Liljeblad when she tried to leave the car. They then drove on to another place where Liljeblad held Margaret by the neck while Hiller removed her dress, girdle, pants and stockings. During the struggle, she kicked both Hiller and Liljeblad in the groin, and tried to get out of the car, but they hit her several times and prevented her from so doing. Hiller had removed his pants and underwear. By this time daylight was breaking and the defendants then desisted and drove around for about 15 minutes, when they let the prosecutrix out on Seventy-first Street and Green Street, at which time they put her clothes on the curb and drove away. She took a cab home and was taken to the hospital to receive first aid for her bruises.

Audrey fully corroborated Margaret's narration of the events prior to her escape from the car. However, she testified that while she was present there was no physical effort exerted by either defendant to have sexual intercourse.

The People introduced the signed statement of Hiller and a subsequent jointly signed statement of both Hiller and Liljeblad in which the defendants admitted an attempt to have intercourse with Margaret. The statements were objected to on the sole ground that they were inaccurate.

Defendants both took the stand and their testimony is essentially similar. They testified that they parked at Eighty-third and Holland Avenue and were "necking" with the girls. When Liljeblad got "fresh" with Audrey she hit him with an ash tray and he hit her. She then got out of the car and ran. At the same time Margaret kicked Hiller and he hit her. He denied removing her clothes or his own. He also denied attempting to have intercourse

with her. Liljeblad also denied striking Margaret or attempting to help Hiller. They admitted giving the statements introduced into evidence but denied stating or reading the statement that Hiller tried to have intercourse with her.

Defendants, in their joint brief, contend that the proof was insufficient to prove guilt of the charge of assault with intent to rape beyond all reasonable doubt. They also contend that the admission of the statements of the defendants, the use of other statements for impeachment and the testimony of Audrey amounted to prejudicial error. We turn first to the question of alleged prejudicial error arising on the trial.

The theory of defendants' contention is that the People in effect are trying to prove two assaults with intent to rape; one upon Margaret and the other upon Audrey. They contend that the testimony of Audrey and references to her in the impeachment examination of Liljeblad support this claim, and prejudiced defendants by proof of a separate crime. We do not believe the record sustains this view. The testimony of Audrey was corroborative of that of the prosecutrix. It was not evidence of an assault with intent to commit rape upon Audrey, but it was evidence of the setting in which the alleged crime upon Margaret took place. It was material and relevant to the proof of the crime charged and so connected in time and place with the alleged assault upon the prosecutrix that it was properly part of the *res gestae*. (*People* v. *Jarvis,* 306 Ill. 611.) It should also be noted that no objection was made to the testimony of Audrey at the trial. It, therefore, cannot be complained of at this time. (*People* v. *Laster,* 413 Ill. 224; *People* v. *Perez,* 412 Ill. 425.) The only other reference to Audrey was the use of People's exhibit No. 6 for impeachment of Liljeblad's testimony given in his own defense. This statement was not introduced in evidence and was permitted to be used only insofar as it impeached the

testimony of the witness on direct examination. Having opened the door by his own testimony, Liljeblad cannot now object to the use of the statement for the sole purpose of impeachment. *People* v. *Provo,* 409 Ill. 63; *People* v. *Smith,* 391 Ill. 172.

It is next contended that the trial court erred in admitting People's exhibits 3, 4, and 5 into evidence. These exhibits were the signed statement of Hiller, the jointly signed statement of Hiller and Liljeblad, and the subsequent signed statement of Hiller reaffirming his earlier answers. The contention made is that the State did not make the proper proof that the confessions were in fact made. Exhibits 4 and 5 were not objected to in any manner on the trial, and therefore cannot be questioned here. No objection was made to exhibit 3 except for the statement of counsel that one of the answers given by Hiller was not correct. There was no objection to the voluntary character of the statement. The defendants admitted giving statements and signing the exhibits, but denied stating that they tried to have intercourse with Margaret. Transcribing and questioning officers also testified that the questions were asked and answered. Since there is no dispute that the defendants signed the statements voluntarily, the accuracy and truth of the statement is a fact question, and there was no error in admitting the exhibits. Since there was no objection going to the admissibility of the statements, and the defense counsel fully cross-examined on the weight of the statements, no objection can properly be made upon this appeal. (*People* v. *Laster,* 413 Ill. 224; *People* v. *Hegovic,* 348 Ill. 58.) We wish to further note that none of the exhibits were abstracted by defendants, but an examination of the record reveals nothing prejudicial in the manner or form of their introduction.

Concluding that the trial was free of prejudicial error we next consider whether the charge was proved beyond a reasonable doubt. We agree that an indecent assault, how-

ever aggravated, will not warrant a conviction of assault with intent to commit rape, without proof of an intention to have intercourse with a woman by force and against her will. (*People* v. *Jenkins*, 342 Ill. 238; *People* v. *Cieslak*, 319 Ill. 221.) But this intention need not be an expressed one, it may be inferred from the acts of the accused and the circumstances of the assault. (*People* v. *Marino*, 388 Ill. 203; *People* v. *Garafola*, 369 Ill. 232.) The mere fact that the accused is frustrated in his purpose (*People* v. *Marino*, 388 Ill. 203,) or later desists from his purpose, does not relieve him of guilt. *People* v. *Kruse*, 385 Ill. 42; *People* v. *Anderson*, 382 Ill. 316.

We also agree that the evidence of a prosecutrix should be corroborated by some other testimony, fact or circumstance. (*People* v. *Silvia*, 389 Ill. 346; *People* v. *Canonica*, 370 Ill. 441.) However, in the instant case, the testimony of the prosecutrix is clear and convincing. She is corroborated by Audrey as to the events leading up to the assault. Her bruised physical condition stands as mute evidence to support her testimony. The admissions contained in the statements of the defendants corroborate her story. Standing against this evidence is the testimony of the defendants. On such a record we will not substitute our judgment for that of the trial judge who heard the facts and saw the witnesses, unless it can be said that it is palpably contrary to the weight of the evidence, or is so unsatisfactory as to justify a reasonable doubt of defendants' guilt. (*People* v. *Ortega*, 5 Ill. 2d 79; *People* v. *Harris*, 391 Ill. 358; *People* v. *Canonica*, 370 Ill. 441.) The mere fact that the evidence is conflicting will not justify reversal. *People* v. *Meyers*, 412 Ill. 136; *People* v. *Hinderhan*, 405 Ill. 435; *People* v. *Smith*, 391 Ill. 172.

We need not repeat the chronicle of this occurrence to state that the evidence of the prosecutrix together with the corroborating testimony of Audrey, the admitted assault and the admissions in the signed statements of the defend-

ants were clearly sufficient to permit the trial judge sitting without a jury to find the defendants guilty of the crime charged beyond a reasonable doubt. Having determined that the record is free from prejudicial error, the judgment is affirmed.

*Judgment affirmed.*