THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALE TOWERY, Defendant-Appellant.

Second District (1st Division) No. 75-131

Opinion filed February 20, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Edward N. Morris and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Dale Towery, was found guilty of rape and deviate sexual assault in a jury trial in the circuit court of Lake County. The circuit court entered judgment on the verdicts and sentenced him to the penitentiary for a term of not less than 6 nor more than 30 years on the rape charge.

On the afternoon of March 4, 1974, the defendant, a house guest of the neighbors of the prosecutrix, knocked at her door and asked if he could see the house which he understood was for sale. She advised him that the house could only be seen through the real estate agent. The defendant left and 10 or 15 minutes later he returned and was admitted by the 4-year-old son of the prosecutrix who was on the telephone at the time. He went into the kitchen with several cans of beer and engaged in conversation with the prosecutrix for a considerable length of time. She finally advised him that he would have to leave as her husband was coming home and she had to prepare their dinner. She then saw that he had unzipped his pants and exposed himself. The defendant did not leave and she told him to get out or she was going to call the police. The prosecutrix went into the living room, took a poker from the fireplace and tried to hit defendant with it. The defendant took the poker away from her. She grabbed for the telephone. As he lunged toward her, taking the telephone out of her hand, he lost his balance and pulled her down to the floor. He then pushed her into the bedroom and shut the door. He forced her to commit a deviate sexual act with him and had sexual intercourse. She then went into the bathroom and at that time the defendant again forced her to commit a deviate sexual act with him. The complaining witness testified that she did not make an outcry as "he said he would do anything he had to to get me, so I * * * the first thing I thought of was the children." She further testified that she was worried about her little boy getting hurt and that "he threatened me and made it very clear to me that he would do whatever he had to, which in my book, in my mind, is hurt my children or hurt me or both" and that "if she went to the police she would be sorry." Her husband returned home shortly thereafter and she called the police, the testimony being that at that time she was hysterical over the telephone. Examination at the hospital indicated semen on her clothing. She was not physically harmed.

A warrant was issued for defendant's arrest on the following day but he was not arrested until September 17, 1974, in Indianapolis, Indiana, where he waived extradition and was returned to Illinois. The defendant called as a witness a police officer who had questioned him relative to the rape incident; who testified that the defendant had told him that the complaining witness had voluntarily engaged in sexual relations with

him. This statement was made approximately 6 months after the incident took place. The defendant, however, did not testify in his own behalf at the trial.

The sole contention of the defendant in this appeal is that the State has failed to prove him guilty of rape and guilty of sexual deviate assault beyond a reasonable doubt because the State failed to prove that the sexual acts were forcible, were against the prosecuting witness's will or that her will to resist was overcome. We do not agree.

In the ever increasing number of rape cases to be found in the State of Illinois the courts have repeatedly said that each case must be considered on its own merits. In *People v. Reese* (1973), 54 Ill. 2d 51, 57-58, 294 N.E.2d 288, 291, the Supreme Court stated:

> "Courts of review have a special duty of carefully examining the evidence in rape cases. (*People v. Qualls*, 21 Ill. 2d 252.) But in doing so the court may not encroach upon the function of the trier of fact to weigh credibility and otherwise assess the evidence which was presented. (*People v. Springs*, 51 Ill. 2d 418.) That evidence has been conflicting will not justify a reversal of a finding by the trier of fact. (*People v. Springs*, 51 Ill. 2d 418; *People v. Hiller*, 7 Ill. 2d 465.) A court of review will not set aside a finding of guilty unless the evidence is so palpably contrary to the finding or so unreasonable, improbable or unsatisfactory as to cause reasonable doubt as to the guilt of the accused. *People v. Sumner*, 43 Ill. 2d 228."

We have carefully examined the record herein and find that the testimony of the complaining witness was clear and convincing both on direct and on cross-examination.

■■ The main thrust of defendant's argument is that the complaining witness, a 23-year-old housewife, in the presence of her 4-year-old son and 6-month-old baby in her own home did not resist sufficiently nor make an outcry that the neighbors might hear. The Supreme Court has stated that in a situation such as this

> "There is no definite standard fixing the amount of force required and each case must be considered on its own facts. It is the general rule that if the female has the use of her faculties and physical powers the evidence must show such resistance as will demonstrate that the act was against her will. However, resistance is not necessary under circumstances where resistance would be futile and would endanger the life of the female, nor where she is overcome by superior strength or paralyzed by fear, (*People v. Faulisi*, 25 Ill. 2d 457.)" *People v. Smith*, 32 Ill. 2d 88, 92, 203 N.E.2d 879, 881.

(See also *People v. Clark* (1971), 50 Ill. 2d 104, 277 N.E.2d 866.) Or, as the court stated in *People v. Lilly* (1972), 9 Ill. App. 3d 46, 49, 291 N.E.2d 207, 209, *rev'd in pt. on other grounds* (1974), 56 Ill. 2d 493:

> "An outcry by the prosecutrix where it is useless or where she is restrained by fear of violence is not required."

■■  Contrary to the argument presented by the defense, we do not find that the complaining witness consented to the sexual act. She did not know the defendant, but recognized him as a houseguest of a neighbor and when he was admitted to her home by her 4-year-old son, she allowed him to remain and discuss his marital difficulties at the kitchen table. It was only when she asked him to leave and when he took his penis out of his pants that she threatened to call the police, attempted to use the telephone and attempted to strike the defendant with a poker in an effort to have him leave her home.

Defendant argues that she did not make a complaint quickly enough. It is undisputed that a prompt complaint was made, first to her husband and then to the police, all within an hour after the defendant left the premises of the complaining witness.

As we have stated, the testimony of the complaining witness herein was clear and convincing and, as the Supreme Court stated in *People v. Sumner* (1969), 43 Ill. 2d 228, 232, 252 N.E.2d 534, 536:

> "It is peculiarly the province of the jury to weigh the evidence, judge the credibility of witnesses and determine the facts. A reviewing court will not set aside a jury's verdict of guilty unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to cause a reasonable doubt as to the guilt of the accused. (*People v. Prohaska*, 8 Ill. 2d 579, 589-90; *People v. Sustak*, 15 Ill. 2d 115, 123; *People v. Ford*, 19 Ill. 2d 466, 480.)"

For the reason given the verdicts of the jury will not be disturbed and the judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.