THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JESSE MILLER, Defendant-Appellant.

Fourth District   No. 12556

Opinion filed August 12, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Hugh H. Rowden, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals his conviction following a bench trial of attempted rape and his sentence of 3 to 10 years.

Upon appeal it is argued that the evidence was insufficient to prove beyond a reasonable doubt the necessary intent to commit rape, or the completion of a substantial step to commit the offense. (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a).) There is no dispute as to the identification of defendant or that shortly after 3 a.m. he entered the second-floor bedroom of the prosecuting witness by removing the window screen.

The State's evidence is that the prosecuting witness was sleeping in a bed with her 14-year-old daughter. The other young children, as well as two neighbor children, were sleeping in other parts of the house.

The witness awakened to discover the defendant lying across the daughter and over the witness. She testified that he loosened the gown or robe she was wearing and fondled the witness, and that defendant had a screwdriver with which he threatened her. The daughter corroborated such testimony, as well as that of the witness that defendant stated that he was going to have sexual intercourse with the witness or with the daughter. The women immediately began to scream and cry. The testimony is that defendant hauled the prosecuting witness across the bed, and locking her head under his arm dragged her toward the stairs.

The screaming and crying aroused several neighbors and a man and his wife came to the witness's residence where they saw the man holding the victim at the head of the stairs. He made threats to harm her if they did not turn off a light. It appears that defendant left shortly after the light was extinguished. It appears that defendant frequented the nearby home of a woman whom he called his common-law wife and was recognized by the several witnesses.

Defendant obtained leave to reopen his case for the purpose of testimony. He stated that he had spent the evening at the nearby residence of his consort. The latter, called Desse, told him that the prosecuting witness had harassed the child of the defendant and the woman, and had called the police concerning some undescribed act of the child. This made him angry.

He testified that he went out drinking with two men and that about 3 a.m. drove one of his companions to his home nearby. Defendant then determined to confront the prosecuting witness and slap her around because of the alleged incident with his child, and that such was his intent when he entered her bedroom from the porch roof and dragged her from the bed.

Defendant cites *People v. Sheppard* (1949), 402 Ill. 347, 83 N.E.2d 587, and *People v. Hubbard* (1967), 38 Ill. 2d 104, 230 N.E.2d 220, to the effect that it is the duty of the court to review the evidence and that if there is not sufficient credible evidence, or the evidence of the prosecuting witness is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt it is the duty of the court to reverse.

As in *People v. Otkins* (1969), 114 Ill. App. 2d 439, 252 N.E.2d 906, and *People v. Stanley* (1974), 21 Ill. App. 3d 188, 315 N.E.2d 106, defendant articulated his intent to commit the offense to the prosecuting witness and such testimony is corroborated by the daughter. In *People v. Triplett* (1970), 46 Ill. 2d 109, 263 N.E.2d 24, *cert. denied*, 401 U.S. 955, 28 L. Ed. 2d 239, 91 S. Ct. 976, specific intent may be shown by the surrounding

circumstances. The surreptitious second-story entry of the bedroom in the early morning hour is consistent with the articulated intent. The fact that defendant's purpose was frustrated, or that he later desisted, does not relieve him of guilt. (*People v. Hiller* (1955), 7 Ill. 2d 465, 131 N.E.2d 25.) There is credible corroborating testimony that defendant did open the witness's night wear and undertake to drag her downstairs. It is reasonable to conclude that the outcry of the women and the appearance of the neighbors interrupted further acts to perfect the rape.

We find nothing to suggest that the testimony offered by the prosecution as to defendant's conduct is incredible or improbable. The argument in behalf of defendant does no more than demand that this court accept defendant's statement of his asserted purpose. It is the duty of the trier of fact to determine the credibility of the witness.

It is more difficult to deem credible the testimony of defendant as to his purpose and acts. While defendant is not required to present evidence or to testify when he chooses to do so, such may be examined as to its credibility. The intent which he asserts may be considered in the light of the extraordinary time and manner of his entry for the purpose of the alleged confrontation and lesser assault. We note that defendant's consort, Desse, was called to testify in his behalf but was neither asked concerning the alleged harassment of defendant's child, nor was there corroboration of the alleged police call supported by any record.

The factual variation from *Sheppard* and *Hubbard* is readily apparent. In *Sheppard*, the testimony of defendant is corroborated by witnesses who heard the occurrence and the prosecuting witness was contradicted by physical evidence. In *Hubbard*, the testimony of the prosecution was said to contain inexplicable omissions in that there was no attempt to call the police, seek help or escape, although there was an opportunity for the victims to do so. The rule of *Sheppard* applied to these facts, however, makes clear that there is sufficient credible evidence to convict.

The judgment is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.