49680. WADE v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of attempted theft by taking and his sentence of 6-months' imprisonment, by the trial judge without the intervention of a jury.

1. "A person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Code Ann. § 26-1001 (Ga. L. 1968, pp. 1249, 1274).

The judgment of conviction was authorized by evidence that a department store salesperson had a money pouch, containing $55.96 in cash and checks, in her hand when she waited on the defendant; that, after she had waited on the defendant but while he was still

present at the counter, she placed the pouch in an unlocked drawer underneath the locked cash register temporarily while she waited on another customer, preparatory to depositing the pouch's contents in a safe pursuant to her duty and custom; that while she was waiting on the other customer, the defendant opened the drawer, picked up the pouch, then put it back and closed the drawer when he saw the salesperson.

A contrary judgment was not demanded by the conflicting testimony of the defendant, who denied having picked up the money pouch, offering the contended "reasonable" explanation that he opened the drawer merely in order to obtain a pencil to write down a telephone number. The judge, as the trior of facts, was the judge of the credibility of the witnesses also, hence was authorized to disbelieve the testimony of the accused in preference to that of the salesperson. See *Simmons v. State,* 111 Ga. App. 553 (1) (142 SE2d 308) and cits.

2. " 'Defects in an indictment or accusation must be taken advantage of by demurrer before trial or motion in arrest of judgment after conviction; they furnish no grounds for granting a new trial. *Rucker v. State,* 114 Ga. 13 (1) (39 SE 902).' *Davis v. State,* 105 Ga. App. 5 (1) (123 SE2d 271)." *Young v. State,* 119 Ga. App. 34 (1) (165 SE2d 869). The case of *Ligon v. State,* 25 Ga. App. 306 (103 SE 189) is not inconsistent with the above principle, since the defect there was properly taken advantage of by motion in arrest of judgment.

Accordingly, where the defendant failed to take advantage of the failure of the accusation to aver the overt act which constituted the attempt (see *Ligon v. State,* supra (1) and cit.), either by demurrer before trial or by motion in arrest of judgment after conviction, such failure was not grounds for a new trial.

The trial judge did not err in overruling the motion for new trial, which contained only the general grounds.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED
SEPTEMBER 16, 1974.

*Horton J. Greene,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Thomas R. Luck, Frank A. Bowers, Assistant Solicitors,* for appellee.