THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEBORAH J. DAVIS, Defendant-Appellant.

First District (5th Division)   No. 78-1122

Opinion filed March 23, 1979.—Rehearing denied April 25, 1979.

Jack L. Parrino and Patrick A. Barton, both of Bensenville, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Kathleen M. McGury, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant was found guilty of attempt theft (Ill. Rev. Stat. 1975, ch. 38, par. 8—4), and sentenced to 364 days in the Illinois Department of Corrections. The issues presented for review are: (1) Whether defendant was proved guilty of attempt theft beyond a reasonable doubt; (2) whether the trial judge committed reversible error in limiting the scope of cross-examination; and (3) whether the failure to admonish defendant of her right to appeal was reversible error where she has filed a timely notice of appeal.

At trial Pasquale Gallo testified he was a security guard for Sears, Roebuck and Company in Schaumburg, Illinois. On July 16, 1977, he observed defendant walk to one of the cash registers and push the buttons

on the register until the cash drawer opened. He said that defendant started to bring her hand into the register, and at the same time she was looking around. When she looked in his vicinity, she slammed the drawer closed and walked away. Gallo testified that the lights were on, and he had an unobstructed view of defendant from a distance of about 15 feet.

Gallo approached defendant, identified himself as an agent for Sears and asked to talk to her about the incident regarding the open cash register. A man with her asked why he was bothering his wife and struck Gallo. At that time defendant walked out the door into the parking lot. After the incident Gallo inventoried the cash register and found it contained about $250.

Gallo testified he filed the complaint in this case about two weeks after the incident. When asked on cross-examination when he next saw defendant after July 17, an objection, based on the ground the question was beyond the scope of direct examination, was sustained. Gallo was asked if he reported the incident to anyone that day, and another objection based on the same ground was also sustained. The court stated that defense counsel could only cross-examine about what was brought out on direct examination. Defense counsel argued that for purposes of impeachment he wanted to see what Gallo reported that day, but the court reiterated that it had sustained the objection. When Gallo was again asked if he had seen defendant after July 17, 1977, the court sustained another objection as being beyond the scope of direct examination.

Defendant testified she was not in the Sears store on the date in question.

■■ Defendant first contends that even assuming Gallo's testimony to be true, she was not proved guilty beyond a reasonable doubt because the fact that she closed the cash drawer showed she voluntarily abandoned her efforts. There is little authority in Illinois with respect to the question of abandonment of criminal intent where a defendant has been charged with attempt. In *People v. Dogoda* (1956), 9 Ill. 2d 198, 203, 137 N.E.2d 386, relied on by defendant, the court stated:

> "An attempt is a crime that falls short of completion through means other than the defendant's voluntary relenting * * *."

Defendant relies on that language and contends that she voluntarily relented without any intervening circumstance and thus is not criminally liable. However, the weight of authority appears to be that once the elements of criminal attempt are complete, abandonment of the criminal purpose will not constitute a defense to the charge of attempt. (*People v. Hiller* (1955), 7 Ill. 2d 465, 470, 131 N.E.2d 25. See also *People v. Twiggs* (1963), 223 Cal. App. 2d 455, 35 Cal. Rptr. 859, 864; *People v. Carter* (1925), 73 Cal. App. 495, 238 P. 1059, 1060-61; *Wade v. State* (1974), 132

Ga. App. 600, 208 S.E.2d 613, 614; *Howard v. Commonwealth* (1966), 207 Va. 222, 148 S.E.2d 800, 805; 21 Am. Jur. 2d *Criminal Law* §110 (1965); 22 C.J.S. *Criminal Law* §76 (1961); Annot., 76 A.L.R. 3d 842, 860 (1977).) In *People v. Hiller*, a prosecution for assault with intent to commit rape, the court stated:

> "The mere fact that the accused is frustrated in his purpose [citation], or later desists from his purpose, does not relieve him of guilt." (7 Ill. 2d 465, 470, 131 N.E.2d 25.)

Additionally, in *Wade*, a case similar to the instant case, evidence that defendant had opened a cash drawer, picked up a money pouch but replaced it when he saw a salesperson was sufficient to convict him of attempt theft.

■ It is well settled that in order for defendant to be convicted of attempt, the State must only establish two elements beyond a reasonable doubt: (1) that defendant intended to commit an offense, and (2) that defendant took a substantial step in committing that offense. (*People v. Burleson* (1977), 50 Ill. App. 3d 629, 632, 365 N.E.2d 1162.) Intent to commit a criminal offense may be inferred from the acts of the accused and the surrounding circumstances. (*People v. Cheatem* (1976), 35 Ill. App. 3d 414, 416, 342 N.E.2d 410.) In this case the elements of attempt appear to have been completed before defendant shut the cash drawer. The fact that she pressed certain buttons on the cash register which resulted in the cash drawer opening would appear to constitute a substantial step toward the consummation of the crime. Her intent to commit theft may be inferred from the circumstances where there was no sales employee in the vicinity and she was looking around furtively as she opened the drawer. Furthermore, the security guard testified that she shut the drawer after looking in his direction, and it can be inferred that she feared apprehension.

■ Defendant also contends the court committed reversible error by restricting her counsel's right to cross-examine Pasquale Gallo, the State's sole witness. A review of the record reveals that the court limited defense counsel's inquiries to matters gone into on direct examination and did not allow him to inquire into matters which might show the witness had previously made an inconsistent statement or omission. Although defendant did not raise the issue in her post-trial motion, it has been held that a post-trial motion is not necessary to preserve error in a bench trial when the error has been brought to the attention of the trial court by motion or timely objection, thus giving the trial court the opportunity to correct the error (*People v. Jenkins* (1978), 62 Ill. App. 3d 1023, 1027, 379 N.E.2d 1303; *People v. Terranova* (1977), 49 Ill. App. 3d 360, 364, 364 N.E.2d 357; *People v. Guynn* (1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d

239), or where fundamental fairness requires that the question be reviewed. *People v. Beasley* (1977), 54 Ill. App. 3d 109, 117, 369 N.E.2d 260.

■■ ■ Cross-examination to impeach is not in general limited to matters brought out in direct examination (McCormick on Evidence §22, at 45-46 (1954)), and it is well settled that the exclusion of evidence designed to impeach a witness or affect his credibility will constitute reversible error where the effect has been prejudicial. (*People v. Jackson* (1971), 2 Ill. App. 3d 297, 302, 275 N.E.2d 737.) Evidence of a prior inconsistent statement is admissible to impeach a witness' credibility and failure to state a fact on a prior occasion may also be properly shown as impeachment. (*People v. Owens* (1976), 65 Ill. 2d 83, 91-92, 357 N.E.2d 465. See also *People v. Monroe* (1977), 66 Ill. 2d 317, 324, 362 N.E.2d 295.) While cross-examination is a matter within the trial court's discretion, the accused should be given wide latitude in his cross-examination of the State's witnesses. (*People v. Malston* (1970), 122 Ill. App. 2d 466, 258 N.E.2d 362.) However, in order to be considered as prejudicial error, the inconsistency must be substantial and must be material and not collateral or irrelevant. The test to be applied is whether the inconsistent statement has a reasonable tendency to discredit the direct testimony on a material matter. *People v. Boyd* (1974), 22 Ill. App. 3d 1010, 1024, 318 N.E.2d 212; *People v. Rainford* (1965), 58 Ill. App. 2d 312, 320-21, 208 N.E.2d 314; McCormick on Evidence §34, at 64 (1954).

■■ In this case the trial court's ruling, which restricted cross-examination to matters gone into on direct examination, precluded defense counsel from inquiring into whether Gallo had reported the incident to anyone on the day it occurred and whether Gallo had seen defendant after the date of the incident. We do not believe that the limitation imposed by the trial court was appropriate under the facts presented, but it appears that these matters were not material to the crime for which defendant was tried. We therefore conclude that the trial court's restriction of cross-examination constituted harmless error. Furthermore, no offer of proof was made, and there is no showing that a prior inconsistent statement was made.

■■ Defendant also contends her conviction should be reversed because the court did not inform her of her right to appeal. We find this contention lacks merit in light of the fact that she filed a timely notice of appeal and was not prejudiced.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LORENZ and MEJDA, JJ., concur.