(No. 64702.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TERRY HICKS, Appellant.

*Opinion filed December 30, 1987.*

30

Daniel M. Kirwan, Deputy Defender, and Michelle A. Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Marcia L. Friedl, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE MORAN delivered the opinion of the court:

Following a jury trial in the circuit court of Montgomery County, defendant, Terry Hicks, was convicted of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1) and theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1) and sentenced to concurrent terms of five years on the burglary conviction and 1½ years on the theft conviction. Defendant appealed alleging that proof of his prior theft was improperly admitted during the evidentiary phase of trial in order to elevate the offense from misdemeanor theft to felony theft. Defendant contended that evidence of his prior theft conviction should have been considered only in sentencing. The appellate court affirmed the judgment of the trial court. (150 Ill. App. 3d 242.) We granted leave to appeal (107 Ill. 2d R. 315).

A single issue is present for our consideration: whether, under the terms of an enhancement provision, proof of a defendant's prior theft conviction is a neces-

sary element of the offense of felony theft such that it must be proved during the evidentiary phase of trial.

The statute in question provides in part:

"(e) Sentence.

(1) Theft of property, other than a firearm, not from the person and not exceeding $300 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony." Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1).

The statute thus provides that a theft is ordinarily a misdemeanor offense and that in order to secure a conviction for felony theft the State must prove that the defendant had a previous theft conviction. Proof of this prior theft conviction, defendant maintains, should not have been introduced at trial since it is not an element of the offense of felony theft and only concerns the severity of the sentence to be imposed. Moreover, defendant asserts that he was prejudiced by the admission at trial of his previous theft conviction since it could have led the jury to conclude that it was more likely that he committed the instant offense. Defendant further argues that his position is buttressed by the court's decision in *People v. Hayes* (1981), 87 Ill. 2d 95, wherein the court suggested that in a trial for retail theft, proof of a prior retail theft conviction need not be presented to the jury in order to elevate the offense from a misdemeanor to a felony but need only be proved at sentencing.

The State argues that the prior theft conviction is a necessary element of the offense of felony theft and therefore must be proved during the evidentiary phase of trial. It argues that where, as here, the prior conviction changes the nature of the offense from a misdemeanor to a felony, rather than merely enhance the sentence, proof of the prior conviction must be presented to the jury. We agree. In our view, disposition of this case

is controlled by our most recent pronouncement on the subject in *People v. Palmer* (1984), 104 Ill. 2d 340. In *Palmer* the court reaffirmed a long line of cases holding, under a similar statutory scheme, that in order to obtain a conviction for the felony offense of unlawful use of weapons the State must both allege and prove the prior conviction during the evidentiary phase of trial. See *People v. Ostrand* (1966), 35 Ill. 2d 520, 529, *overruled in part on other grounds, People v. Bracey* (1972), 51 Ill. 2d 514; *People v. Owens* (1967), 37 Ill. 2d 131, 132; *People v. Edwards* (1976), 63 Ill. 2d 134, 138; *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 480. See also *Spencer v. Texas* (1967), 385 U.S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648 (recidivist statutes which provide that proof of prior conviction be introduced and proved during the guilt or innocence phase of trial do not offend due process. "[W]e find it impossible to say that because of the possibility of some collateral prejudice the Texas procedure is rendered unconstitutional under the Due Process Clause." 385 U.S. 554, 564, 17 L. Ed. 2d 606, 614, 87 S. Ct. 648, 654).

Defendant argues that *Hayes* controls the outcome of this case inasmuch as *Hayes* involved a theft offense while *Palmer* involved the unlawful use of weapons. However, we cannot perceive, and defendant does not suggest, any principled reason why theft cases should be treated any differently than unlawful use of weapons cases in this instance. Where the prior conviction is an element of the felony offense of unlawful use of weapons then so too should the prior conviction be an element of the felony offense of theft under similar statutes. As such, we view no reason why theft cases should be taken outside of our most recent pronouncement in *Palmer*. More importantly, however, *Palmer* itself dismissed as *dicta* the suggestion in *Hayes* that the prior conviction

need only be proved at sentencing. The *Palmer* court stated:

"[W]e cannot agree with the defendant's conclusion that under *Hayes* the prior felony need not be proved at trial. The aforesaid language of that opinion must be interpreted within the factual circumstances presented in that case. The defendant in *Hayes* was claiming prejudice as a result of *the State's failure to include* an allegation that the pending charge was a second or subsequent offense. She was not claiming that the allegation and proof of the prior conviction *should have been excluded* as prejudicial, as did the defendants in *Ostrand* and *Owens*. Therefore, the issue of whether prejudice results when the State alleges and proves the prior conviction was not presented in *Hayes*. Accordingly, any comment the court made regarding that issue is properly characterized as *dicta*, which is not binding authority within the rule of *stare decisis*. [Citation.] Thus *Hayes* holds only that, where a defendant has notice that she is being tried as a felon, a felony conviction for retail theft can be sustained despite the State's failure to allege in the information that the offense charged was a second or subsequent offense of retail theft." (Emphasis in original.) (*People v. Palmer* (1984), 104 Ill. 2d 340, 347-48.)

Thus, in *Palmer* the court explicitly rejected *Hayes* insofar as *Hayes* may be read as requiring that the prior theft conviction be proved during the sentencing hearing.

We also find defendant's reliance on *People v. Jackson* (1984), 99 Ill. 2d 476, misplaced. *Jackson*, also decided before *Palmer*, held that where the value of an item taken in a theft is used to elevate the theft from a misdemeanor to a felony, value is not an essential element of the offense of theft. However, the issue in *Jackson* was only whether value is an element of the offense of theft for the purpose of determining whether the defendant should be afforded the retroactive application of a statutory amendment raising the value demarcation

of stolen property. Consequently, *Jackson* cannot be fairly read as authority for the proposition that a previous theft conviction is not an element of felony theft. Accordingly, we adhere to the sound reasoning of *Palmer* and our previous decisions and hold that, absent legislative guidance to the contrary, where a prior theft conviction elevates the offense from a misdemeanor to a felony, that prior theft conviction is an element of the offense of felony theft which must be alleged and proved to the trier of fact during the evidentiary phase of trial.

Finally, we note that the Governor has recently signed Senate Bill 115 (Public Act 85—691), which amends the current theft statute, effective January 1, 1988, to provide that a prior conviction must be alleged in the information or indictment but the prior conviction will not be considered an element of the offense of felony theft and therefore may not be disclosed to the jury during trial. Senate Bill 115 also provides that value is an element of the offense of theft and must therefore be proved during the evidentiary phase of trial.

It is an elementary rule of statutory construction that "[t]he addition of a new provision in a statute by amendment is an indication of the absence of its implied or prior existence." (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 354.) Absent substantial considerations to the contrary, "an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed." (*People v. Nunn* (1979), 77 Ill. 2d 243, 248.) As such, we view the current statutory amendment as not inconsistent with the holding expressed herein, as it evidences the legislature's desire to alter the statutory elements of felony theft. Moreover, since statutory amendments are, in the absence of express language otherwise, ordinarily given only prospective and not retrospective application (*Stigler v. City of Chicago* (1971), 48 Ill. 2d

20), the defendant here is thus not affected by this recent amendment.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CLARK, dissenting:

The statute under consideration, rationally interpreted, constitutes an intelligent response to a difficult problem. Under the majority's interpretation, however, it becomes a license for the jury to convict a defendant on the basis of his prior record for similar crimes. This result contradicts the legislative intent. It also belies our traditional insistence that even a convicted criminal deserves at trial to be given the benefit of a slate wiped clean of his prior misdeeds. I respectfully dissent.

The enhancement provision of our theft statute provides that a second or subsequent theft of property not exceeding $300 in value will be a Class 4 felony rather than a misdemeanor. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1).) This provision is obviously directed towards the habitual petty thief who, because he only steals in small amounts, can engage in criminal activity for a lifetime without suffering any more severe punishment than a year in jail or a fine. By providing that a second offense will be treated as a felony, the statute constitutes a salutary deterrent to habitual crime.

The efficacy of this deterrent does not depend, in any crucial respect, upon whether the State proves the prior offense at trial or at sentencing. Given the strong likelihood that a jury will find a defendant guilty of the charged offense because of his conviction for the prior offense, it seems to me more reasonable that the legislature intended that the prior offense be introduced at sentencing. Nor would allowing proof at sentencing deprive the defendant of his right to a jury trial. Proof of

the conviction ordinarily depends upon certified documents, evidence which the jury cannot and should not reject, and which a judge will be equally competent to evaluate at sentencing. On the other hand, the fact that the defendant has been previously convicted of a similar crime may well lead the jury to prejudge the defendant guilty of the crime charged.

The majority's contrary conclusion chiefly relies on two points: (1) our construction of a somewhat similar, although not identical, statute in *People v. Palmer* (1984), 104 Ill. 2d 340, and (2) a recent amendment to the theft statute which explicitly provides that the prior theft offense can only be proven at sentencing. Closer examination reveals that these two arguments are both mutually inconsistent and mistaken.

In *People v. Palmer* (1984), 104 Ill. 2d 340, the court was dealing with a statute which provided that a person *could be convicted of felony, rather than misdemeanor,* unlawful use of weapons if the weapons offense was committed within five years of any prior felony conviction. (See Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b).) As in this case, the enhancement provision was originally included in the subsection titled "Sentence." While *Palmer* is thus superficially similar, I believe for several reasons that the court's reliance on *Palmer* is misplaced.

First, as a general matter, it should be recognized that the statute in *Palmer* is not the statute here involved. *Palmer* is not, therefore, *stare decisis* for this case. The legislature that enacted the unlawful-use-of-weapons enhancement provision was not the same legislature that enacted this provision. The legislative intent is not necessarily the same. In fact, we have recently recognized that even where the legislature on two separate occasions enacts statutes with virtually *identical* wording, the legislature's intention may vary between

the first enactment and the second. (*People v. Upton* (1986), 114 Ill. 2d 362, 374.) We should thus proceed with caution before reading too much into *Palmer*.

Second, the majority fails to recognize the crucial distinction between the enhancement provision of the *Palmer* statute and this statute. For some reason the majority believes that any meaningful distinction between the two must relate only to the crime charged. Deciding, logically enough, that there is no rational distinction between enhancement of a theft charge and enhancement of an unlawful-use-of-weapons charge, the majority concludes that we must follow our interpretation in *Palmer*.

But the majority has overlooked the truly crucial distinction between the two statutes. With respect to the issue of whether a jury should be exposed to a defendant's prior record, the truly crucial variable is not the nature of the charged offense, but the relationship between the charged offense and the prior offense. Where the charged offense and the prior offense are extremely similar, a jury is likely to conclude from the prior offense that the defendant has a propensity for committing the underlying acts, and to find the defendant guilty on that basis. Where the charged offense and the prior offense are not similar, this sort of prejudicial effect is much less likely.

In *Palmer*, the prior offense was "any felony," and the charged offense was unlawful use of weapons. These two offenses are not usually so similar that a defendant would be unduly prejudiced by the admission of the prior offense, at least in the vast majority of cases. It was therefore perfectly proper for the *Palmer* court to conclude that the legislature intended the prior offense be proven at trial rather than at sentencing.

Here, however, we deal with *identical* crimes. Under these circumstances, we should not leap to the conclu-

sion that the legislature intended such gravely prejudicial evidence be used at trial.

In fact, the court's own reasoning in *Palmer* would suggest that the legislature did not so intend. In *Palmer*, the court relied partially on prior decisions in *People v. Edwards* (1976), 63 Ill. 2d 134, 138 (holding in an unlawful-use-of-weapons case that it was error to instruct the jury only to consider a defendant's prior felony conviction as bearing on his credibility) and *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 480 (holding in an unlawful-use-of-weapons case that it was error to hold a bifurcated trial, with the jury only being informed of the prior conviction during the second phase). The *Palmer* court heavily emphasized the fact that the legislature had subsequently deleted the enhancement provision of the unlawful-weapons statute and substituted a separate offense entitled "Unlawful Use of Weapons by Felons." (*Palmer*, 104 Ill. 2d at 349, citing Ill. Rev. Stat., 1983 Supp., ch. 38, par. 24—1.1.) Under the new provision, the ambiguity created by the inclusion of the enhancement provision under the heading of "Sentence" was removed, and the requirement that the offender be a prior felon was now included in the section containing all the elements of the offense. After summarizing this information, the *Palmer* court concluded: "Although not applicable to the case at bar, we find that this subsequent legislation evidences the legislature's approval of this court's prior judicial construction." 104 Ill. 2d at 349.

A rational person would conclude from this reasoning, I think, that if the legislature *took the opposite course of action*—that is, if it subsequently amended a similar statute in such a way as to make clear that the prior offense was only to be considered at sentencing—we would then reach the opposite result, and hold that this similar statute, even before the amendment, should be interpreted as providing for proof of the prior offense

only at sentencing. That person would, however, be mistaken. For the majority in this case uses such a recent amendment to the theft statute, Senate Bill 115 (Public Act 85—691) to conclude in this case that the unamended statute must contemplate proof at trial. After noting that the new statute explicitly provides that "the prior conviction will not be considered an element of the offense of felony theft and therefore may not be disclosed to the jury during trial" (119 Ill. 2d at 34), the majority goes on to "view the current statutory amendment as not inconsistent with the holding expressed herein, as it evidences the legislature's desire to alter the statutory elements of felony theft" (119 Ill. 2d at 34).

The inconsistency between the reasoning in *Palmer* and the reasoning here illustrates, I believe, a grave problem inherent in our usual approach towards statutory interpretation. It is difficult enough, at times, to figure out what one legislature "intended" by a particular statute or provision. After all, our General Assembly is not an actual person who feels, reasons, intends, and acts as a unit. Instead it is a collective entity, made up of 118 flesh-and-blood individuals who, in the privacy of their own minds, may mean by any particular provision anything or nothing. The collective nature of a legislative body impels us to seek "intent" in the objective words of its statutes, as informed by our own judgment and common sense, rather than in the inevitably subjective thoughts of individual members.

This task is complicated enough. We complicate it still further when we seek to infer what one legislature intended from the subsequent action of a later legislature, composed of different members and perhaps working towards different purposes. Subsequent legislation may clarify, revise, expand, modify, or change prior legislation. There is no way to determine with certainty which

of these operations were in fact intended. Without performing collective psychoanalysis we cannot define the subjective intent of one legislature, let alone two. The inconsistency between the court's reasoning in this case and in *Palmer* makes this abundantly clear.

However, even assuming that the use of subsequent legislative action was legitimate, the majority has not in fact cited all of the pertinent principles. While it is true that "an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed" (*People v. Nunn* (1979), 77 Ill. 2d 243, 248), it is equally true that "the circumstances surrounding the amendment should also be considered. If they indicate that the legislature intended only to interpret the original act, the presumption of an intention to change the law is rebutted. Usually, an amendment of an unambiguous statute indicates a purpose to change the law, but no such purpose is indicated by the amendment of an ambiguous provision." *People v. Youngbey* (1980), 82 Ill. 2d 556, 563; see also *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271-72; 1A A. Sutherland, Statutes and Statutory Construction §22.30, at 266-67 (1986).

The felony-theft statute, like the unlawful-use-of-weapons statute, was ambiguous as to whether the prior offense was to be treated as an element of the charged offense. As I have argued above, there are strong logical and practical reasons for believing that the legislature intended the prior offense to be an element, provable at trial, of felony unlawful use of weapons but not of felony theft. If the legislature's subsequent actions with respect to the two different statutes prove anything, they prove that this interpretation is correct, for in the one case the legislature amended the statute to clarify that the prior felony should be proved at a trial of unlawful use of weapons, whereas in this case the legislature has

amended the statute to make clear that the prior offense may be proved only at sentencing.

I therefore respectfully dissent.

JUSTICE SIMON joins in this dissent.

JUSTICE SIMON, also dissenting:

I have joined Chief Justice Clark's dissent because I agree with both his insightful analysis of the futility of attempting to discover legislative intent from the enactments of a subsequent legislature and his well-reasoned arguments distinguishing this case from *People v. Palmer* (1984), 104 Ill. 2d 340. I dissent separately, however, because I continue to believe that *Palmer* was wrongly decided for the reasons set forth in Justice Goldenhersh's dissent thereto. *Palmer*, 104 Ill. 2d at 350 (Goldenhersh, J., dissenting).