THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HUBERT LERON JENNINGS, Defendant-Appellant.

Fourth District   No. 4—88—0432

Opinion filed March 30, 1989.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Larry R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:
On November 30, 1987, defendant Hubert Leron Jennings was charged by information with the offense of retail theft (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a)). The indictment further alleged defendant had been previously convicted of the offense of retail theft. The State did not present evidence of defendant's prior conviction during the jury trial on April 20, 1988. Defendant requested a directed verdict for the State's omission. The circuit court of Macon County refused on the

authority of the amended retail theft statute, effective January 1, 1988, which declares that proof of a prior theft conviction is not an element of the offense that can be disclosed to the jury during trial. (Ill. Rev. Stat. 1987, ch. 38, par. 16A—10(2).) Thus, the trial court held the evidence of defendant's prior theft conviction would be considered solely as a matter of aggravation at sentencing. The jury returned a verdict of guilty. After the State tendered for the first time evidence of defendant's prior retail theft conviction, the trial court sentenced defendant to three years' imprisonment.

On appeal, defendant argues the trial court erroneously applied retroactively the amended sentencing statute when the statute in effect at the time the offense was committed in 1987 had recently been construed by the supreme court to require proof of a defendant's prior theft conviction at trial as a necessary element of the offense of felony theft. (*People v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148.) The State argues the statute was properly applied as amended because it concerns a matter of procedure and was in effect at the time of defendant's trial. *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 347, 122 N.E.2d 513, 515.

It is necessary to carefully compare the statute at issue in its original and amended form. Sections 16A—10(1) and (2) were in effect in 1987 when defendant committed the offense of retail theft charged in this case. Those sections provide:

"Sentence.

(1) Retail theft of property, the full retail value of which does not exceed $150, is a Class A misdemeanor.

(2) After a conviction of retail theft or theft, without regard to the full retail value thereof, a second or subsequent offense of retail theft, the full retail value of which does not exceed $150 is a Class 4 felony." (Ill. Rev. Stat. 1985, ch. 38, pars. 16A—10(1), (2).)

Effective January 1, 1988, the retail theft statute as amended provides in pertinent part:

"Sentence.
* * *
(2) A person who has been convicted of retail theft of property, the full retail value of which does not exceed $150, and who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as

to give notice of the State's intention to treat the charge as a felony. *The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 16A–10(2).)

The amended statute does not contain a saving clause (1987 Ill. Laws 2895, 2898-99 (Pub. Act 85—691)).

▮ Absent evidence of a contrary intent, generally it is presumed that the legislature intended its enactments to operate prospectively and not retrospectively. (*Hicks,* 119 Ill. 2d at 34, 518 N.E.2d at 151; *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26; *Schantz v. Hodge-VonDeBur* (1983), 113 Ill. App. 3d 950, 447 N.E.2d 1355.) However, a law may have retroactive application if it affects only matters of procedure. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034; *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.) The sole issue for our consideration is whether the amended theft statute affects only procedure and was thus properly applied to the pending case against defendant so that his prior theft conviction was not presented to the jury as a necessary element of the offense charged.

In *Hicks* (119 Ill. 2d 29, 518 N.E.2d 148), the defendant appealed his conviction for burglary and theft and argued proof of his prior theft conviction was improperly admitted at trial. Defendant maintained such evidence should have been considered only at sentencing. The supreme court construed the enhancement provision of the theft statute as it existed prior to the 1988 amendment as follows:

"[A]bsent legislative guidance to the contrary, where a prior theft conviction elevates the offense from a misdemeanor to a felony, that prior theft conviction is an element of the offense of felony theft which must be alleged and proved to the trier of fact during the evidentiary phase of trial." *Hicks,* 119 Ill. 2d at 34, 518 N.E.2d at 150.

▮ *Hicks* noted the amendment of the theft statute effective January 1, 1988, changed the statutory scheme such that a prior conviction must be alleged in the charging instrument, but cannot be considered as an element of the offense of felony theft and therefore may not be disclosed to the jury. The court concluded its opinion with the following remarks:

"Absent substantial considerations to the contrary, 'an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed.'

*(People v. Nunn* (1979), 77 Ill. 2d 243, 248[, 396 N.E.2d 27].) As such, we view the current statutory amendment as not inconsistent with the holding expressed herein, as it evidences the legislature's desire to alter the statutory elements of felony theft." *(Hicks,* 119 Ill. 2d at 34, 518 N.E.2d at 151.) The court declined to apply the amendment retroactively and thus declared defendant unaffected by the recent change in the law.

On this authority we cannot conclude the effect of the amended retail theft statute is merely procedural. While the legislature may have changed the law in an effort to clarify procedural questions surrounding the enhancement provisions, the result is clearly substantive. Under the new statute, a prior theft conviction will elevate the offense from a misdemeanor to a felony without the State ever having to prove to the jury the existence of the prior theft conviction. We believe the alteration by the legislature of the statutory elements of felony retail theft greatly exceeds the definition of mere procedural change. (See *People v. Ruiz* (1985), 107 Ill. 2d 19, 22-23, 479 N.E.2d 922, 924.) Because the State failed to prove the existence of a prior retail theft conviction, the defendant in this case was proved guilty only of misdemeanor retail theft.

The judgment of the circuit court of Macon County is reversed and remanded for resentencing for misdemeanor retail theft.

Reversed and remanded.

LUND and GREEN, JJ., concur.