THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BEVERLY HAYWOOD, Defendant-Appellant.

Third District   No. 3—88—0493

Opinion filed May 18, 1989.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Beverly Haywood, was charged with theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)). Because she had a previous armed robbery conviction, the charge was elevated from a misdemeanor to a Class 4 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(1)). Following a jury trial *in absentia*, the defendant was found guilty and sentenced *in absentia* to two years and eight months in prison. The defendant appeals, contending: (1) that the trial court erred in not notifying her by certified mail of the date of her trial *in absentia* as mandated by section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a)); and (2) that she was denied her right to a fair trial when the State was allowed to present evidence to the jury about her prior armed robbery conviction.

The record shows that the defendant was arrested for theft on December 23, 1987. On December 28, 1987, she posted bond and was released from custody. On January 12, 1988, an indictment was returned alleging that the defendant had knowingly exerted unauthorized control over property of Super-X Drug Store with the intent to permanently deprive the owner of the use and benefit of the property, that the property had a value of less than $300, and that the defendant had a previous conviction for armed robbery. Notice of her arraignment date was mailed to the defendant, but came back marked "Return to Sender."

The defendant appeared at her arraignment on January 21, 1988,

at which time defense counsel was appointed. She entered a plea of not guilty and was told that if she failed to appear at subsequent proceedings, her trial could proceed in her absence. A scheduling conference was set for February 25, 1988, and a jury trial was set for March 7, 1988.

When the defendant failed to appear at the scheduling conference, a hearing on forfeiture of her bond was set for March 31, 1988. Notice of the bond forfeiture hearing was sent to the defendant by certified mail. The notice was later returned stamped "Moved, Left No Address." On February 29, 1988, the trial court issued a warrant for her arrest.

The defendant failed to appear at the March 31, 1988, hearing. A judgment was entered for the amount of the bond, and the arrest warrant was left in effect. A jury trial *in absentia* was set for May 31, 1988. On May 31, defense counsel moved for a continuance. Trial was then set for June 1, 1988. On June 1, the defendant was tried *in absentia* and found guilty. She was sentenced *in absentia* on July 15, 1988, and taken into custody on July 17, 1988, pursuant to the February arrest warrant.

The defendant contends that her conviction must be reversed and the cause remanded for a new trial because she was not sent notice of either the May 31 or June 1 trial dates.

Under section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a)), when the defendant fails to appear, the court may set the case for an *in absentia* trial. If the defendant is not personally present at the time the date for trial is set, "the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).

This court has held that while failure to send notice of a trial date pursuant to the requirements of section 115—4.1(a) is error, such error is deemed harmless where the defendant's attorney is aware of the date so that his knowledge is imputed to the defendant. (*People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.) The Fourth District Appellate Court has questioned this court's finding of imputed knowledge and has held that the certified mailing procedure of section 115—4.1(a) is mandatory. *People v. Williams* (1987), 151 Ill. App. 3d 1010, 503 N.E.2d 1090.

■ Having reexamined *Clark* in light of the instant case, we find no reason to overturn our earlier decision. Although the instant trial court erred in failing to send the defendant notice by certified mail of

her trial dates, that error was harmless under the circumstances of this case. The defendant was properly admonished that her trial could be held in her absence. Her attorney was present at each stage of the proceedings and had knowledge of the trial dates. Under these circumstances, her attorney's knowledge is deemed to be constructively imparted to the defendant. We also note that two previous mailings to the address listed on the defendant's bond slip were returned as being undeliverable. It may be inferred the subsequent mailing of a certified notice would therefore have been a futile gesture. Accordingly, we conclude that the defendant is not entitled to a new trial on this basis.

The defendant further contends that she was denied a fair trial because the State was allowed to present evidence of a prior armed robbery conviction. She argues that the theft statute in effect at the time of her trial prohibited the disclosure of the prior conviction to the jury during the evidentiary phase of the trial. Although the State argues that the issue is waived, we choose to consider it. 107 Ill. 2d R. 615(a).

The defendant argues that disclosure of the prior conviction was reversible error because at the time of her trial section 16—1(e)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(e)(2)) stated that the fact of a prior conviction "is not an element of the offense [of felony theft] and may not be disclosed to the jury during trial." The statute which contained this language became effective January 1, 1988 (Pub. Act 85—691, eff. January 1, 1988 (amending Ill. Rev. Stat. 1985, ch. 38, par. 16—1)). The theft statute in effect at the time the defendant committed her offense on December 23, 1987, did not contain the prohibitive language cited above.

In *People v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148, the Illinois Supreme Court reviewed a case brought under an earlier enactment of section 16—1 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1) and held that, absent legislative guidance to the contrary, where a prior theft conviction elevated the offense from a misdemeanor to a felony, the prior theft conviction was an element of the offense of felony theft which must be alleged and proved to the trier of fact during the evidentiary phase of the trial. Under the reasoning of *Hicks*, the armed robbery conviction used to elevate the instant defendant's misdemeanor to a felony was an element of the offense which had to be alleged and proven to the trier of fact.

The defendant argues, however, that the language added by the 1988 amendment was a procedural alteration of the theft statute and therefore should have been applied at her June 1, 1988, trial. We note that as a general rule statutory amendments are, in the absence

of express language otherwise, ordinarily given only prospective and not retrospective application. (*People v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148.) A law may be retroactively applied if it affects only remedies, matters of procedure, or rules of evidence. *Schantz v. Hodge-VonDeBur* (1983), 113 Ill. App. 3d 950, 447 N.E.2d 1355.

■■ The change in the law on January 1, 1988, eliminated an element of the offense and cannot be said to have only affected a remedy, matter of procedure, or rule of evidence. Therefore, the substantive change in section 16—1 should not be given retroactive effect to change the law applicable when the defendant committed her offense. Prosecution under the law as it existed on December 23, 1987, was proper. See Ill. Rev. Stat. 1987, ch. 1, par. 1103.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.