THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEX NOLAN, Defendant-Appellant.

Fifth District    No. 5—86—0616

Opinion filed September 20, 1989.

252

Daniel M. Kirwan and Julia M. Gentile, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis Middendorff, State's Attorney, of Carlyle (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

After a jury trial, defendant was convicted of theft by deception in violation of section 16—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(2)), a Class 4 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(b)(2)). The defendant was sentenced to three years in prison, and he now appeals, arguing: (1) that he was not proved guilty beyond a reasonable doubt because the State failed to offer any evidence of a prior theft conviction at trial; (2) that his conviction for misdemeanor theft was improperly enhanced to felony theft; and (3) that the defendant was denied a fair trial because the trial court erroneously admitted evidence of a subsequent act. In addition, the defendant also contends that his sentence was improper because the trial court failed to comply with the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*), and the court improperly considered an invalid prior conviction as an aggravating factor.

The defendant was charged with theft by information filed on June 10, 1986, in Clinton County. Prior to trial the defendant moved to exclude evidence of a 1982 Kankakee County attempted theft conviction because there had been no showing that the defendant had waived counsel prior to entering a plea of guilty. The court granted the defendant's motion.

At the defendant's trial, Tricia Butler, a cashier at the National Food Store in Centralia, Illinois, testified that about 4:30 p.m. on June 9, 1986, the defendant purchased four boxes of corn muffin mix at her checkout lane. As Butler scanned and bagged the purchase, the defendant spoke very rapidly and told Butler that he had just won $600. The defendant handed Butler $1.01 in correct change for his purchase. The defendant then produced some $5 bills from his pocket and told Butler that he wanted "$50 worth—five tens" for gambling purposes. Butler counted out five $10 bills from her register drawer. Butler then began to count the defendant's money when the defend-

ant grabbed the five $10 bills from Butler's hand and said, "Let me count your money while you count mine." Butler grabbed the five $10 bills back, placed them on top of her register and continued to count defendant's money. Butler found that the defendant had given her nine $5 bills and four $1 bills totalling $49, and informed the defendant that he was $1 short of $50. The defendant insisted that he had given Butler $50 and asked her to recount the money. Butler again counted only $49. The defendant asked that Butler recount his money while he counted her money. Defendant then grabbed the five $10 bills and placed that money, together with the defendant's money that Butler held, in one pile, which the defendant told Butler now totalled $100. Butler counted the money, which totalled $100. The defendant then stated that he wanted five $20 bills. Butler placed all the money in her register drawer, pulled out five $20 bills, and handed the money to the defendant. The defendant then left the store. Butler immediately realized she was $50 short, and instructed the bagger, Gerad Peters, to go outside and find the defendant. Butler then checked the register drawer, which was $50 short.

Gerad Peters testified that he had been bagging groceries for Butler when the defendant came through Butler's check-out line. Peters corroborated the testimony of Butler as to the exchange of money between the defendant and Butler. As the defendant left the store, Peters observed a reading of 58 cents on Butler's register. Peters observed that Butler appeared upset and confused. Peters assumed the defendant had failed to pay Butler 58 cents. Peters went outside and approached the defendant in front of the store. He asked the defendant to return inside the store to pay 58 cents. The defendant replied that he was in a hurry because his wife was waiting in the car, and asked if he could give Peters the 58 cents. Peters agreed, and after handing Peters the 58 cents, the defendant walked away. When Peters returned inside the store, he learned that Butler was short $50 rather than 58 cents. Peters, the store manager, and a police officer went outside but were not able to find the defendant.

Outside the presence of the jury, the defendant moved to bar the testimony of the next witness, Kimberly Michael, on the grounds that she would testify to conduct which occurred subsequent to the incident at the National Store which did not constitute a criminal offense. The State proposed that Michael's testimony established an attempted theft by the defendant and, therefore, would be admissible to show intent. The court denied the defendant's motion, but noted that it would give a limiting instruction to the jury that Michael's testimony was admitted only to show motive, intent, design, absence of mistake, or

*modus operandi.*

Kimberly Michael, a cashier at the Kroger Food Store, located about one block from the National Store, testified that on June 9, 1986, about 4:30 p.m., the defendant purchased a plant. The defendant gave Michael a $20 bill, and Michael handed him a $10 bill and eight $1 bills in change. During the exchange, the defendant spoke rapidly about poker games and asked Michael for different change than she had given him. Michael replied that she did not have any other bills. Michael's register drawer was open and the defendant observed a $100 bill inside. The defendant told Michael that he needed larger bills and, since she did not have any smaller bills, he would give her twenties and tens for the $100 bill. An assistant manager then telephoned Michael and informed her that the National Food Store had just advised Kroger that the defendant was a "quick-change artist." The defendant held a handful of bills and repeated his request for the $100 bill. Michael told the defendant he would have to go to the store's office for change. The defendant accompanied her to the office, but then left the store without waiting for change.

The defendant testified that on June 9 he went to the National Food Store and purchased cornbread mix. The cashier was very friendly and, when the defendant pulled out money to pay for his purchase, asked where he had obtained so much money. The defendant explained that he had won it in a poker game, but that he preferred larger bills, since they would be easier to hide from his wife. Following the exchange of money between the defendant and the cashier, the defendant stated that he did not realize that he had money belonging to the store. A young man followed him and asked him for 58 cents, which the defendant handed to him. The defendant then went to the Kroger Store, made a purchase, left the store and entered his car. The defendant then observed a man waving to him from about a block away. The man was from the National Food Store and told the defendant that their cashier had given the defendant too much money. The defendant explained that he had already returned 58 cents, but the man explained that the missing sum was $50. The defendant stated that he counted his money, concluded that he had $50 too much, and handed the man $50 in $5 bills. The man thanked the defendant and walked away. The police then arrived. The defendant further testified that he had been married five times and that he had last seen his wife in 1979. The defendant denied asking the cashier at Kroger for the $100 bill.

The jury found the defendant guilty. At sentencing on September 2, 1986, the State submitted a certified copy of the 1982 Kankakee

County attempted theft conviction in aggravation. The State also offered, for enhancement purposes, a certified copy of a 1967 court record from Pemiscot County, Missouri, showing that a person named Alex Nolin had pleaded guilty to a charge of confidence game. The presentence investigation report indicated that the defendant frequently used heroin and cocaine, spending between $80 and $150 daily on narcotics.

Pattie Huber, a probation officer, testified at the sentencing hearing that the 1967 conviction represented a prior conviction of the defendant. Huber stated that in attempting to compile the defendant's criminal history, she submitted the defendant's name and birth date to the Federal Bureau of Investigation, but had not submitted the defendant's fingerprints. Huber confirmed that the defendant regularly used cocaine and heroin. Over objection, the court found that the defendant's Missouri conviction served to enhance the instant offense to a Class 4 felony and sentenced the defendant to three years in prison.

We first consider the defendant's argument that the trial court erred in admitting evidence of a subsequent act. The subsequent act at issue is the conduct of the defendant at the Kroger Store which occurred after he left the National Store. The defendant claims that his conduct at the Kroger Store was consistent with innocent activity and did not constitute evidence of a subsequent crime. The State argues that the defendant's conduct at the Kroger Store constituted an attempted theft and was therefore admissible. We agree with the State.

■ It is well settled that evidence of other crimes is admissible if it is relevant for any purpose other than to establish the defendant's propensity to commit crimes. (*People v. Bartall* (1983), 98 Ill. 2d 294, 456 N.E.2d 59; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) Evidence of other crimes cannot be admitted, however, until it is shown that a crime took place and that the defendant committed it. (*People v. Wachal* (1987), 156 Ill. App. 3d 331, 509 N.E.2d 648; *People v. Hanei* (1980), 81 Ill. App. 3d 690, 403 N.E.2d 16, *cert. denied* (1981), 450 U.S. 927, 67 L. Ed. 2d 357, 101 S. Ct. 1382.) While mere suspicion is insufficient (*People v. Miller* (1977), 55 Ill. App. 3d 421, 370 N.E.2d 1155), the State need not prove beyond a reasonable doubt that the defendant committed the subsequent crime because he is not on trial for that offense (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 485 N.E.2d 1292; *People v. Fuller* (1983), 117 Ill. App. 3d 1026, 454 N.E.2d 334; see also *People v. Osborn* (1977), 53 Ill. App. 3d 312, 368 N.E.2d 608 (evidence of subsequent attempted rape was admissible as

proof of *modus operandi* despite fact that charge of attempted rape was dismissed after a finding of no probable cause at preliminary hearing), *cert. denied* (1978), 439 U.S. 837, 58 L. Ed. 2d 134, 99 S. Ct. 122).

In *People v. Lehman* (1955), 5 Ill. 2d 337, 125 N.E.2d 506, the defendant was charged with armed robbery of a telephone company employee who made collections from public pay phones. The victim testified that his route book, which showed the collections to be made for the next 56 days, was also taken in the robbery. The victim also testified, over objection, that about a month and a half after the robbery, he observed a car following him while he was making collections on his route. He contacted the police, who testified that they watched the defendant following the victim for about an hour and a half. After stopping the defendant, a search revealed a gun and some other items similar to ones used in the robbery. The defendant was convicted and on appeal argued that testimony that he had been following the victim's truck was prejudicial because it implied that he was preparing to commit a robbery. The supreme court agreed that the testimony gave rise to that inference, but held that it was admissible in view of the peculiar and distinctive features common to the robbery and to the defendant's conduct on the day of his arrest.

■ Similarly, in the instant case, the defendant's conduct at the Kroger Store was admissible to show *modus operandi*, intent, and absence of mistake. The testimony of the cashier at the Kroger Store indicated that, after receiving change from his purchase, the defendant spoke rapidly about a poker game and asked the cashier for different change than she had given him. The defendant then asked to exchange a handful of bills for a $100 bill in the cash drawer. After the defendant was told that he would have to go to the office to get change, he left the store. While the defendant's conduct may not have been sufficient to prove him guilty beyond a reasonable doubt of attempted theft, it was admissible for the limited purpose of showing intent, *modus operandi* and absence of mistake. The defendant's intent to commit a theft at the Kroger Store could be inferred from his conduct (*People v. Davis* (1979), 70 Ill. App. 3d 454, 388 N.E.2d 887), and his actions constituted a substantial step towards the commission of the offense. We hold, therefore, that the trial court did not err in admitting evidence of the defendant's subsequent conduct at the Kroger Store.

■ We next consider the defendant's claim that he was not proved guilty beyond a reasonable doubt of felony theft because the State failed to present evidence of a prior theft conviction. In *People*

*v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148, the Illinois Supreme Court held that a prior theft conviction is an element of the offense of felony theft which must be alleged and proved to the trier of fact during the evidentiary phase of the trial. It is undisputed that no such evidence was presented in the instant case. The State contends, however, that the defendant waived this issue by failing to include it in his post-trial motion. One exception to the waiver rule, however, is with regard to the failure to prove a material allegation of an indictment. (*People v. Walker* (1955), 7 Ill. 2d 158, 130 N.E.2d 182.) We find, therefore, that the issue is not waived.

The State also argues that the defendant should be estopped from asserting any error in the State's failure of proof because the defendant invited the error. The State contends that by seeking to exclude mention of his prior convictions through his motion *in limine,* which was granted by the trial court, the defendant is responsible for the very error of which he now complains.

This court accepted a similar argument in *People v. Hall* (1986), 145 Ill. App. 3d 873, 495 N.E.2d 1379. The defendant in *Hall,* charged with the same offense as the defendant in the instant case, was granted a motion *in limine* to exclude any evidence of his prior convictions at trial. On appeal, the defendant argued that his conviction should be reversed because the State had failed to prove his prior theft conviction. This court held that the defendant was estopped from raising such an issue because he had agreed to and invited the error.

■■ We find that the instant case is distinguishable from *Hall.* In *Hall* the defendant sought to exclude any evidence of prior crimes or prior criminal activity because it would prejudice him in the eyes of the jury. It was error for the trial court to grant the motion because proof of a prior theft was a necessary element of felony theft. In the instant case the defendant sought to exclude evidence of his 1982 theft conviction in Kankakee County, claiming it was invalid because he did not knowingly waive his right to counsel. Since the record of the Kankakee conviction supported the defendant's claim, the trial court *did not* err in excluding evidence of that conviction. It would be incongruous to blame the defendant for seeking to exclude evidence which should in fact have been excluded. While it is true that the last sentence of the defendant's written motion *in limine* also sought to exclude "any other alleged prior misconduct," it is apparent from the record that the court's order granting the defendant's motion encompassed only the 1982 Kankakee conviction. Furthermore, it is also apparent from the record that neither the attorneys nor the judge were

aware that evidence of a prior theft needed to be presented to the jury. (We note that the theft statute has since been amended to provide that a prior theft conviction is not an element of the offense of felony theft and may not be disclosed to the jury (Pub. Act 85—691, eff. Jan. 1, 1988, amending Ill. Rev. Stat. 1985, ch. 38, par. 16—1(b)).) Under the circumstances, we believe that it would be disingenuous to find that the defendant invited the error. We find, therefore, based on *Hicks*, that the defendant was not proved guilty beyond a reasonable doubt of felony theft. We further find that the evidence was sufficient to support the defendant's conviction for misdemeanor theft. Accordingly, we exercise our authority under Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)) and reduce the defendant's conviction to misdemeanor theft and remand for resentencing.

The defendant also contends that his misdemeanor theft was improperly enhanced to felony theft through use of a Missouri conviction which bears a name similar, but not identical, to the defendant's name. In view of the above disposition we need not address this issue, although we note parenthetically that it appears that the State failed to meet its burden of establishing the prior conviction beyond a reasonable doubt. See *People v. Connell* (1972), 6 Ill. App. 3d 791, 286 N.E.2d 565.

■ Finally, we consider the defendant's contentions of error concerning his sentencing hearing so that they will not reoccur upon remand. We agree with the defendant that the trial court should have advised him of possible sentencing alternatives under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.* (repealed and substantially reenacted as the Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1987, ch. 111½, par. 6351—1 *et seq.*))). The Act places an obligation on the trial judge to advise every defendant whom the judge knows or has reason to believe is an addict of the possibility of treatment as an alternative to sentencing. (*People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.) The presentence investigation report noted the defendant's prior conviction for possession of marijuana and also contained the defendant's statement that he was a frequent user of heroin and cocaine, spending between $80 and $150 per day on narcotics. This information should have been sufficient to alert the trial court to the possibility that the defendant was an addict, and the defendant should therefore have been informed of the possibility of treatment under the Act.

■ We also agree with the defendant that it was improper to allow the State to introduce evidence of the defendant's 1982 Kankakee County conviction as a factor in aggravation. The trial judge had pre-

viously granted the defendant's motion *in limine* to prevent the State from presenting evidence of the Kankakee conviction at trial because the record did not show that the defendant had waived counsel in that case. The same defect which prevented use of the Kankakee conviction at trial foreclosed its use as a factor in aggravation at the sentencing hearing because a prior conviction obtained in the absence of an effective waiver of counsel may not be used in determining a defendant's sentence. *United States v. Tucker* (1972), 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589; *People v. Carter* (1979), 72 Ill. App. 3d 871, 391 N.E.2d 427.

Based on the above, we modify the defendant's conviction, vacate his sentence and remand this cause to the circuit court for resentencing.

Conviction modified; sentence vacated; remanded for resentencing.

RARICK and GOLDENHERSH, JJ., concur.